WILLIAM B. INGRAHAM *vs.* GEORGE F. CHAPMAN.

Hampden.     September 25, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Killing of Dog — Name on Collar — Evidence — Instructions.*

If, in an action of tort for the killing of the plaintiff's dog, the question in dispute is whether the plaintiff was the owner of the dog, the defendant contending that it was the property of the plaintiff's wife, an instruction to the jury that the fact that the collar of the dog had a particular man's name upon it was not conclusive evidence that the man was the owner, but that it was a piece of evidence, in connection with other evidence, the jury had a right to consider, and to give it such weight as they thought it ought to have, is correct.

TORT, for the unlawful killing of the plaintiff's dog. The answer contained a general denial, and justified the killing on the ground that at the time of the killing the defendant was the duly appointed agent of the county commissioners for the county of Hampden under the St. of 1889, c. 454, and that what he did was done under the provisions of his appointment. The answer further averred that at the time the dog was killed it was not duly licensed, " collared, and described according to law." At the trial in the Superior Court, before *Dewey,* J., the jury found

specially that the plaintiff was the owner of the dog; and returned a verdict in his favor. The defendant alleged exceptions, which, *Dewey*, J. having deceased, were allowed by *Maynard*, J. The nature of them appears in the opinion.

*S. S. Taft*, for the defendant.

*D. E. Leary*, for the plaintiff.

LATHROP, J. It appears from the bill of exceptions that one question in dispute at the trial was whether the plaintiff was the owner of the dog, the defendant contending that it was the property of the plaintiff's wife. It was conceded that the dog was duly licensed and registered in the name of the plaintiff, and the license was in evidence, the number of which agreed with the number on the collar. The collar was also in evidence. Upon the collar was a plate, upon which was engraved the name of the plaintiff and the registered number.

During his argument the counsel for the plaintiff contended that the fact that the name of the plaintiff was on the collar was evidence which the jury might properly consider as tending to show that the plaintiff was the owner of the dog. The defendant objected to this line of argument, and asked the judge to instruct the jury that the collar with the name of the plaintiff upon it was not competent evidence for the jury to consider upon the question of the ownership of the dog. The judge declined so to rule, and instructed the jury that the fact that the collar had a particular man's name upon it was not conclusive evidence that the man was the owner; but that it was a piece of evidence which, in connection with other evidence, the jury had a right to consider, and to give it such weight as they thought it ought to have. The correctness of this ruling is the only question raised by the bill of exceptions.

We are of opinion that this ruling was right. The fact that the collar bore the plaintiff's name showed an act of dominion exercised over the animal while it was in his possession. It had some tendency to prove ownership, and, while not conclusive, was admissible in evidence. It is like the case of a brand or mark upon cattle, which is considered evidence of ownership unless the subject matter is affected by statute. See *People* v. *Bolanger*, 71 Cal. 17; *Wyers* v. *State*, 22 Tex. App. 258; *Tittle* v. *State*, 30 Tex. App. 597.          *Exceptions overruled.*