DANIEL C. FLETCHER *vs.* HORACE E. WILLIS.

Suffolk.      November 18, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Agency,* Scope of authority. *Evidence,* Inference from not calling witness.

The acts of an agent or servant are not evidence of his authority.

In an action for an assault committed by the defendant's servant, where the only issue was whether the servant acted within the scope of his authority, the servant was present in court and identified but was not called as a witness by either the plaintiff or the defendant. The presiding judge refused to rule, that, in connection with the servant's acts, the fact that the defendant did not call him to deny it was evidence of his authority, and left it wholly to the jury to say whether under the circumstances any inference should be drawn as to what the servant's testimony on the point of his authority would have been. *Held,* that this was as much as the plaintiff was entitled to. The judge could not discriminate against the defendant for not doing what it was equally in the power of either party to do.

TORT against the proprietor of Mystic Trotting Park for the act of the defendant's servant, in pushing the plaintiff off the top of a picket fence on which he was sitting by thrusting a shovel against his ankle. Writ dated September 10, 1895.

At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the defendant; and the plaintiff alleged two exceptions, which are stated by the court.

*S. L. Whipple & W. R. Sears,* for the plaintiff, submitted a brief.

*H. W. Chaplin,* for the defendant.

Holmes, C. J. This is an action for an assault and battery, admitted to have been unjustifiable, committed by the defendant's servant upon the plaintiff. The case went to the jury on the single question whether the servant was acting within the scope of his authority. The scene of the assault was a race track, and the servant had been employed by the defendant about the track for a long time. The plaintiff contended and asked for a ruling that, in connection with his long employment and the fact that the defendant did not call him to deny it, the servant's conduct was evidence of his authority. The judge refused the request and ruled that the servant's acts were not evidence of his authority as against the defendant. The plaintiff excepted. The only exceptions are to this refusal and ruling.

The ruling of the judge was right. *Brigham* v. *Peters*, 1 Gray, 139. Mechem, Agency, § 100. That asked for the plaintiff might have been rejected properly enough even if it had not been wrong in point of law, as an attempt to gather details into an argument and then to put the argument into the mouth of the judge.

The servant was present in court and stood up to be identified before the jury. Neither party saw fit to call him. The judge in adverting to the fact that the defendant did not put him on the stand, left it wholly to the jury to say whether under the circumstances any inference should be drawn as to what his testimony on the point of his authority would have been. This was as much as the plaintiff was entitled to. The judge could not discriminate against the defendant for not doing what, so far as appears, was equally in the power of both parties to do, and give to the defendant's omission the effect of making the servant's acts prove his authority when otherwise they could not have that effect.

*Exceptions overruled.*