## WILLIAM A. COUGHLIN *vs.* HENRY ROSEN.

Middlesex.    December 2, 1914. — February 25, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Res Judicata.    Assault and Battery.    Agency,* Scope of employment.

In an action of tort for an assault and battery alleged to have been committed by
an agent of the defendant within the scope of his employment in attempting
to expel the plaintiff from premises occupied by him under a lease from the
defendant, the record of a suit in equity, brought by the plaintiff against the
defendant immediately after the assault in question to enjoin the defendant
from interfering with the plaintiff's possession of the leased premises, in which
the trial judge found that "the defendant's servants unjustifiably assaulted
the plaintiff" by committing the assault in question and a decree was entered
enjoining the defendant from "interfering with the plaintiff's right of possession
of the premises," is admissible in evidence and conclusively establishes the fact
that an unjustifiable assault was committed upon the plaintiff by a person who
at that time was the servant of the defendant.

In an action for an assault and battery alleged to have been committed by an agent
of the defendant within the scope of his employment in attempting to expel the
plaintiff from premises occupied by him under a lease from the defendant, where
it is proved by the record of a suit in equity between the same parties that an
unjustifiable assault was committed upon the plaintiff by a person who at that
time was a servant of the defendant, if there also is evidence that the plaintiff
was struck on the head with a heavy iron bar by one of seven men who went
with the defendant's attorney to take possession of the premises occupied by
the plaintiff intending to use force if necessary for that purpose, and that the
defendant told his attorney in substance, "Get him [the plaintiff] out any
way at all so long as you get him out of there; . . . to put everything out of the
place, hiring men for the purpose, and he would stand all expenses, and if [the
plaintiff] and his men showed fight to throw them all out," it can be found by
the jury that the assault was committed by the defendant's servant for the
purpose and as a means of obtaining and holding possession of the premises
and that he was acting within the scope of his employment.

TORT for an assault and battery committed upon the plaintiff
on January 12, 1912, by one Eddels, who was alleged to have
been an agent of the defendant acting within the scope of his
employment, at the premises numbered 293, 295 and 297 on
Prospect Street in Cambridge, which were occupied as a garage
by the plaintiff under a lease from the defendant.    Writ dated
November 15, 1912.

In the Superior Court the case was tried before *Morton,* J.

The evidence is described in the opinion. The defendant excepted to the admission in evidence by the judge of the record of a suit in equity brought by the plaintiff against the defendant which is a part of the evidence there described. At the close of the evidence the defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*E. Greenhood, (C. Gerstein* with him,) for the defendant.

*G. M. Poland, (E. E. Clark* with him,) for the plaintiff.

CROSBY, J. This is an action for an assault committed upon the plaintiff by one Eddels, who was alleged to be an agent of the defendant and acting within the scope of his employment.

On the twelfth day of January, 1912, the date of the alleged assault, the plaintiff occupied, under a written lease, certain premises owned by the defendant. The plaintiff occupied the leased premises as a garage. The defendant asserted that the plaintiff had violated certain provisions of the lease, and a few days before the alleged assault he consulted with one Scharton, an attorney, for the purpose of ejecting the plaintiff from the premises.

There was evidence to show that in the forenoon of the day of the assault Scharton, acting as attorney for the defendant, sent his clerk, one Weinstein, with four other men, to the premises occupied by the plaintiff, for the purpose of taking possession; but they were driven away by the plaintiff.

There was also evidence that on the afternoon of the same day Scharton, accompanied by the men who went to the plaintiff's premises with Weinstein in the forenoon and by two other men, one of whom was Eddels, making seven in all, went to the plaintiff's garage for the purpose of ejecting him and his goods and effects. The plaintiff succeeded in driving them off the premises with the exception of Eddels and one other man who remained inside the garage. There was further evidence to show that when the plaintiff discovered that Eddels was upon the premises he (the plaintiff) told him to leave, whereupon Eddels struck the plaintiff upon the head with a heavy bar of iron, causing the injuries complained of in this action.

After the alleged assault, but upon the same day, the plaintiff brought a bill in equity against the defendant to prevent the latter from interfering with the plaintiff's possession of the leased premises. The bill alleged that on the twelfth day of January, 1912, the defendant, by his servants and agents, attempted to eject the plaintiff from the building and committed an assault and battery upon him. The judge of the Superior Court before whom the equity suit was heard found that the defendant asserted that there was a breach of covenant to pay rent, and entered the premises, and in the process of so doing, "the defendant's servants unjustifiably assaulted the plaintiff by striking him on the head with a heavy iron bar." A final decree subsequently was entered and an injunction was issued prohibiting the defendant from "interfering with the plaintiff's right of possession of the premises for and when the plaintiff paid certain amounts of money which were due for rent."

1. The record in the equity suit was admissible in evidence, and established conclusively the facts (a) that Eddels committed an unjustifiable assault upon the plaintiff, and (b) that Eddels was at that time the defendant's servant. The presiding judge in the case at bar limited the extent to which the evidence, as shown by the record in the equity case, was competent, and instructed the jury that the plaintiff, in order to recover, must prove not only that Eddels was the defendant's servant and did the wrongful act, but that such act was expressly or impliedly authorized by the defendant, and was so committed by Eddels for the purpose of assisting or holding forcible possession of the premises, and not for reasons personal to himself. The equity suit was between the parties to this action and the questions whether the assault committed by Eddels was unjustifiable and whether he was a servant of the defendant were material issues, and as to them the record was *res judicata*. The defendant's exception to the admission of this evidence cannot be sustained. *Corbett* v. *Craven,* 193 Mass. 30. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41. *Flynn* v. *Howard,* 218 Mass. 245.

2. The defendant also excepted to the refusal of the judge to rule that upon all the evidence the plaintiff was not entitled to recover. It would serve no useful purpose to recite the evi-

dence in detail. The defendant, who was not present when the assault was committed, testified that he authorized neither his attorney Scharton nor any one else to take forcible possession of the leased premises. Scharton testified that he did not go to the premises for the purpose of taking possession by force, and that he withdrew as soon as there seemed to be danger of violence. On the other hand, there was evidence that the defendant told Scharton in substance to "Get him [Coughlin] out any way at all so long as you get him out of there;" that he (Rosen) told Scharton that he would stand all expense of getting Coughlin out, and also told him (Scharton) "to put everything out of the place, hiring men for the purpose, and he would stand all expenses, and if Coughlin and his men showed fight to throw them all out."

There was further evidence from which the jury could have found that when the defendant's attorney went to the plaintiff's garage with seven men to take possession of the premises it was intended to use force if necessary to accomplish the object of their visit. The jury were warranted in finding that the assault was committed by Eddels for the purpose and as a means of obtaining and holding possession of the premises, and that he was acting within the scope of his employment.

"The test of the liability of the master is, that the act of the servant is done in the course of doing the master's work, and for the purpose of accomplishing it. If so done it is the act of the master, and he is responsible whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner." *Levi* v. *Brooks,* 121 Mass. 501. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489. *Barden* v. *Felch,* 109 Mass. 154. *Howe* v. *Newmarch,* 12 Allen, 49.

*Exceptions overruled.*