GEORGE H. ROBINSON vs. JOHN DOE & another.

Suffolk.    March 31, 1916. — May 20, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Agency*, Scope of employment.  *Negligence*, In throwing a brick.  *Practice, Civil*, Judge's charge: comment on absence of witness.  *Evidence*, Admission by failure to call witness, *Res gestae*.

If an employee of the proprietors of a circus is engaged with other employees in pulling up the stakes of the circus tent preparatory to taking it down, while a performance is going on inside, and also is attempting to drive away a crowd of boys who have gathered about the tent and who keep coming back as often as they are driven off, and if, while so engaged, he picks up a brick and throws it at the boys and it hits on the head a man who is standing leaning against a fence on a public street fifty or sixty feet away, in an action by this man against the proprietors of the circus for his injuries thus sustained, it can be found that the person who threw the brick was acting within the scope of his employment in doing so, although the particular means he made use of might not have been contemplated by his employers.

In the case above described the judge said in the course of his charge to the jury, "You may infer from the fact of no witness having been called by the defendants touching the relations between the defendants and the man in their employ who is said to have thrown the brick, you may infer if he was called that his testimony would not help the defendants."  *Held*, that, while the judge well might have omitted this instruction, it could not be held to have been erroneous.

In the same case it was *held* that evidence that the employee of the defendants in driving the boys away said, "Get to . . . out of here" and made other similar remarks was admissible as evidence of statements accompanying and explaining his acts.

TORT against John Doe and Richard Roe, doing business under the name of the Barnum and Bailey Company, for personal injuries sustained by the plaintiff on June 4, 1910, at about half past nine o'clock in the evening, when the plaintiff was standing on Providence Street in Boston leaning against a fence, from being struck in the head by a brick or stone thrown by a person alleged to be a servant, employee or agent of the defendants acting in the course of his employment.  Writ dated June 6, 1910.

In the Superior Court the case was tried before *Irwin*, J.  At the close of the evidence, which is described in the opinion, the defendants asked the judge for twenty-one rulings, of which the judge made four and dealt with others as described in the opinion.

The first three requests for rulings were as follows:

"1.   On all the evidence the jury must find for the defendants.

"2.   It does not appear that the person, if any, who threw the brick or missile which struck the plaintiff was the servant or employee of the defendants.

"3.   If the person who threw the brick or missile which struck the plaintiff was a servant or employee of the defendants, it does not appear that the act of throwing the brick was one for which the defendants were liable."

The judge refused to make these and others of the rulings requested, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $200.   The defendants alleged exceptions.

The case was submitted on briefs.

*J. B. Studley & M. Wambaugh,* for the defendants.

*H. F. R. Dolan, J. H. Morson & J. S. O'Neill,* for the plaintiff.

CARROLL, J.   On the evening of June 4, 1910, the plaintiff while on Providence Street, Boston, was struck by a brick or stone. In a tent on an adjacent lot a circus performance was going on. Workmen were at this time pulling up the stakes, and a man, who appeared to be in charge, was directing them and also attempting to drive away a crowd of boys who had gathered about the circus tent.   This man had a stick which he used several times to frighten or to force the boys to leave the premises.   On one occasion when they did not move he ran toward them, picked up something and threw it at them.   The plaintiff, who was fifty or sixty feet away, was hit by either a brick or stone thrown by this man.

1.   There was evidence that the plaintiff was injured by the act of the defendants' servant.   The words "Barnum and Bailey's Circus" were on the wagons and the posters, the performance was going on at the time: in addition, a license was granted to "Barnum and Bailey's Greatest Show on Earth" to exhibit on these same grounds from May 30 to June 4.   It could be found that the tents and other property were owned by the defendants.   *Stewart* v. *Hugh Nawn Contracting Co.* 223 Mass. 525. *Smith* v. *Paul Boyton Co.* 176 Mass. 217.   *Ingraham* v. *Chapman,* 177 Mass. 123. *Murphy* v. *Fred T. Ley & Co. Inc.* 210 Mass. 371.   It appeared that the man who threw the missile came from inside the tent.

He wore a khaki shirt and overalls, and "a slouch hat peaked in the center;" the sleeves of his shirt were rolled up. The men with him, fifteen or twenty in number, were dressed the same way. He was trying to keep the boys from entering the tent, from disturbing the exhibition and from interfering with the men in their work. Where a person appears to be in charge or control of a portion of a circus tent and the contiguous grounds, and on the night when the license expires is openly engaged with others in taking down the tent, a jury could reasonably infer from his acts, his dress, the nature of the work he is doing, the number of men assisting him and all the special circumstances of the case, that the person was in the employ of the defendants and with their assent and authority was in control of their property.

Being in charge of the work, in view of the peculiar character of his employment, it also might be found that in driving the boys away he was acting within its scope and purpose, although perhaps the particular means he made use of were not intended nor contemplated by his employers. *Kimball* v. *Cushman,* 103 Mass. 194. *Perlstein* v. *American Express Co.* 177 Mass. 530. *McKeon* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 271. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489. *Murphy* v. *Bay State Wine & Spirit Co.* 212 Mass. 285. *Coughlin* v. *Rosen,* 220 Mass. 220.

The defendants rely on *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, where it was held, that from the mere possession of an automobile no presumption arises that the person operating it is the servant or agent of the owner. In the case at bar, it could be found that the servant was in charge of the defendants' property at their place of business; that he was engaged in protecting it, in doing their work, promoting their interests; and not engaged in a private venture of his own. In *Fletcher* v. *Willis,* 180 Mass. 243, where the servant of the proprietor of a race track pushed the plaintiff from the top of a fence, there was nothing to show, nor was there anything from which an inference could be drawn to indicate the purpose for which the servant was employed.

The defendants asked the judge to rule that, if the person who threw the brick was "on a frolic of his own," the defendants were not liable. The record shows that this request was given in substance.

The defendants further requested, that if the act of the person in throwing the missile was to punish the person at whom it was thrown, or "to wreak his own vengeance upon the person," the defendants were not liable. The jury were told there could be no recovery if the employee was "on a frolic of his own," that he must be acting within the scope of his authority, and further, "if the man who threw the brick was doing that for a pastime of his own, the defendants are not liable." In view of all that was said, it is evident the jury were sufficiently instructed on this aspect of the case.

The defendants also requested rulings that, if the person or persons at whom the missiles were thrown were not at the time interfering with the defendants' property, but were running away, the defendants are not liable. There was evidence showing that the boys had been driven away more than once; that they came back and would not leave the premises when requested. It might be found that they then were interfering with the men or attempting to enter the circus tent; that the servant, in the performance of his duty, was attempting to prevent these acts. In view of the language of the judge, we do not think that the defendants were in any way harmed by the failure to give these specific requests.

Subject to the defendants' exception, the judge said to the jury, "The defendants have produced no evidence as to who the party was that threw the missile, if any one threw it. And whether or not that evidence is in the defendants' possession you may take into account as an inference bearing upon the relations between the parties. You may infer from the fact of no witness having been called by the defendants touching the relations between the defendants and the man in their employ who is said to have thrown the brick, you may infer if he was called that his testimony would not help the defendants." While the judge well might have omitted this instruction yet it cannot be held to have been erroneous. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 469. We do not interpret this ruling as referring to a failure on the part of the defendants to call the man who threw the brick, a reference which hardly would have been justified. *McKim* v. *Foley*, 170 Mass. 426, 428. *Buckley* v. *Boston Elevated Railway*, 215 Mass. 50, 55, 56.

The statement of the servant when driving the boys away, "Get to . . . out of here," and other similar remarks accompanying and explaining his acts, were admissible.  See *Conklin* v. *Consolidated Railway*, 196 Mass. 302.

We have considered all the exceptions argued by the defendants in their brief, and we see no error.

*Exceptions overruled.*