AGNES REGAN *vs.* JOHN L. KELLY CONTRACTING COMPANY.

Suffolk.    November 24, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* In driving motor truck. *Motor Vehicle. Agency,* Scope of employment.

If the driver of a motor truck suddenly and without giving any warning turns immediately in front of an open street railway car that is going in the same direction and in attempting to cross the tracks is struck by the street railway car, this is evidence of negligence on the part of such driver toward a passenger on the front seat of the street railway car who is injured by reason of the collision.

If the driver of a motor truck coming from an alleyway crosses a city street in front of an open street railway car in motion without giving any signal after leaving the alleyway and continues at the same rate of speed, making no attempt to avoid the street railway car, which thereupon runs into the motor truck injuring a passenger on the front seat of the street railway car, this is evidence of negligence on the part of the driver of the motor truck toward such passenger.

The driver of a motor truck belonging to a contracting company, who, after dumping his last load for the day of broken stone in a vacant lot where he has been ordered to dump it, is returning from that place and is on his way to the garage where he is to put up the truck, is acting within the scope of his employment, and, if he drives carelessly in front of a street railway car, his employer is liable for injuries caused by his negligence.

TORT, against a corporation owning and maintaining a motor truck, for personal injuries sustained by the plaintiff on June 12, 1913, when she was travelling on the front seat of an open street railway car on Washington Street near Union Park Street in Boston, by reason of a collision of the street railway car and the truck alleged to have been caused by the negligence of the defendant's servant in operating the truck. Writ dated October 11, 1915.

In the Superior Court the case was tried before *Sanderson,* J., together with an action by the same plaintiff against the Boston Elevated Railway Company for the same injuries. At the close of the evidence the defendant John L. Kelly Contracting Company asked the judge to order a verdict in its favor. This the judge refused to do, and submitted the cases to the jury.

The jury returned a verdict for the defendant Boston Elevated Railway Company, and returned a verdict for the plaintiff against the John L. Kelly Contracting Company in the sum of $3,600. The defendant John L. Kelly Contracting Company alleged exceptions.

*A. L. Richards,* for the defendant John L. Kelly Contracting Company.

*J. J. O'Hare,* for the plaintiff.

CARROLL, J.  The plaintiff, while a passenger on the front seat of an open street railway car, was injured, when the car came into collision with a motor truck belonging to the defendant.  The jury found for the plaintiff.  The defendant contended there was no evidence that it was negligent nor that the driver of the truck was acting within the scope of his employment, and moved that a verdict be directed in its favor.  The motion was denied and the defendant excepted.

About five o'clock in the afternoon of June 12, 1913, on Washington Street near Union Park Street, the plaintiff was injured on a North Station car, which she had taken at Upham's Corner.  She testified that when she first saw the truck it was on her right, "just outside of those irons that holds the elevated road up," "coming the same way the car did," "just going to start to cross the street, . . . I am not sure, but it came right in front of the car. . . . The front part of the truck was right outside of that [the supporting irons], and it was in that position when I saw it making for the track."  On this evidence the jury could find that the driver of the truck, moving in the same direction as the car, turned at this point and crossed the track.  This evidence was contradicted, in part, by the driver of the truck, who testified that he came from an alleyway leading from Washington Street, went directly across the street and did not move alongside of the car in the same direction.  He blew his horn as he approached the street, but gave no further signal; and, although there was nothing to obstruct the view, he saw the car for the first time when his wheels were upon the track, and he then made no effort to change the rate of speed at which he was moving.  If the driver of the truck, going in the same direction as the car, suddenly turned in front of it, and without warning attempted to cross the tracks, the jury could have found him to have been negligent.  Or, if crossing Washington Street from the alleyway, he gave no signal after leaving it, continued at the same rate of speed, and made no attempt to avoid the car, it could also have been found that he was careless.

The work of asphalting Union Park Street from Harrison Ave-

nue to Washington Street was going on and the truck was used in carting material to this place from a crusher on Columbia· Road. On the day of the accident, the driver was directed by the superintendent to dump the last load that day in a vacant lot back of some houses in this alleyway. He was returning from there and was on his way to the garage when the collision took place. This was sufficient evidence that the driver was acting within the scope of his employment. *Robinson* v. *Doe,* 224 Mass. 319.

*Exceptions overruled.*