PATRICIA ZERNGIS *vs.* H. P. HOOD & SONS.

Middlesex.     March 24, 1926. — May 25, 1926.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Scope of employment, Master's responsibility for wanton act of servant.

At the trial of an action by a child fourteen years of age against a corporation distributing milk, there was evidence tending to show that on a summer night the plaintiff, when over one hundred feet from a railroad car loaded with ice or ice and milk belonging to the defendant, was struck on the head by a piece of ice; that children customarily gathered around a car of the defendant similarly loaded on summer nights; that on the night in question there were about thirty-six children beside the car and that they were "interfering with the employee of" the defendant; that one who was admitted to be in the general employ of the

defendant jumped or stepped out of the car, reached down, picked up a piece of ice about one half as large as a brick, and threw it, and the plaintiff was struck. *Held,* that

(1) A finding was warranted that the employee was trying to drive the children away and was doing this in the course of his employer's work and for the purpose of accomplishing it;

(2) For such action the defendant employer was liable.

TORT for personal injuries. Writ dated September 15, 1923.

In the Superior Court, the actión was tried before *Qua,* J. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $1,200. The defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Dooley,* for the defendant.

*J. F. Daly,* for the plaintiff.

SANDERSON, J. The plaintiff, a child fourteen years of age, was injured on July 10, 1923, by a piece of ice thrown by one Gillespie, an employee of the defendant. A car, loaded with ice or ice and milk, belonging to the defendant, was standing near its place of business about fifty feet from Massachusetts Avenue, in Cambridge. It was the practice of the defendant to have a carload of ice at this place on summer nights and every night children were near the car picking up ice. On the night in question about thirty-six children were there and "... this crowd of children ... interfering with the employee of the Hood Company" was right beside the car. Gillespie, who was admitted to be in the general employ of the defendant, jumped or stepped out of the car, reached down, picked up a piece of ice about one half as large as a brick, and threw it, hitting the plaintiff who was then on the tracks at a distance estimated to be one hundred feet or more away. There was no evidence that the plaintiff was one of the children picking up ice near the car. From the admission that Gillespie was in the general employ of the defendant, together with evidence that he was in the car of the defendant containing its property, that a large number of children was close to the car and picking up the defendant's ice, and that the crowd of children was

interfering with the defendant's employee, the jury could have found that Gillespie was trying to drive the children away and was doing this in the course of his employer's work and for the purpose of accomplishing it.   For such an act the employer is "responsible, whether the wrong done be occasioned by negligence, or by a wanton or reckless purpose to accomplish the master's business in an unlawful manner."   *Howe* v. *Newmarch,* 12 Allen, 49, 57.   *Levi* v. *Brooks,* 121 Mass. 501.   *Coughlin* v. *Rosen,* 220 Mass. 220, 223.   The case comes within the principle stated in *Robinson* v. *Doe,* 224 Mass. 319, 320, and in *Coughlin* v. *Rosen, supra.*

In accordance with the terms of the report, judgment is to be entered on the verdict.

*So ordered.*