No. 2955 Northern Suffolk, ss.

NICHOLS (Paul T. Smith)
v. I. J. FOX, INC. (Pierce B. Bennett)

From the Municipal Court of the Roxbury District—Crehan, J.

Argued June 13, 1941—Opinion filed Aug. 8, 1941

WILSON, J. (Jones, P. J., and Sullivan, J.)—This is an action of tort for assault in which the plaintiff claims to have sustained personal injuries.

At the trial there was evidence tending to show that the plaintiff lived in the third floor apartment of a three apartment house; that the rear door bell rang, that she pressed the button, releasing the latch of the outside door on the first floor; that she then opened the door leading from her apartment into the hall and inquired who was there and received no response. When the person who had entered the hall had arrived at a point about three feet from the door of the plaintiff's apartment, he said, "I am from I. J. Fox." She replied, "That is all taken care of." The door opened inward and she thereupon closed the door. As she closed the door she felt the knob turn in her hand, and the door came back striking her in the face and causing her to fall upon a chair. It also appeared that one Henry Barcar was the person who came to the plaintiff's apartment, that he was employed by the de-

fendant, that he collected fur coats, checked credits and delinquent accounts, and did some selling, that he went to the plaintiff's home to get a fur-coat for storage.

The court dealing with defendant's requests found as follows:

1. "I find that the plaintiff has proved that the defendant's agent committed an assault on her."

2. "See No. 1."

7. "I find as a fact that the defendant's agent while acting within the scope of his employment assaulted the plaintiff."

10. "See No. 7."

The finding in favor of the plaintiff imports a finding of all subsidiary facts essential to that conclusion and must stand unless unsupported by the evidence. *Mahoney* v. *Norcross*, 284 Mass. 153. *Ashapa* v. *Reed*, 280 Mass. 514.

The finding for the plaintiff in the instant case imports, therefore, the finding that Barcar was the agent of the defendant to go to the plaintiff's home for the purpose of either getting a fur coat for storage, or collecting an overdue account, as the case may have been; that he insisted upon entering the plaintiff's home after she had clearly indicated she did not desire him to do so; that he was so insistent that after she had closed the door, he turned the knob and pushed the door open with such violence that the plaintiff fell upon a chair and was injured. We cannot say the finding in this regard was not warranted by the evidence. There remains the question of whether the acts done by Barcar could be found to be within the scope of his authority as an agent of the defendant.

"The test of the liability of the master is, that the act of the servant is done in the course of doing the master's work, and for the purpose of accomplishing it. If so done it is the act of the master, and he is responsible whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner." *Coughlin* v. *Rosen*, 220 Mass. 220, 223, and cases there cited.

Whether the act of turning the knob and pushing the door against the plaintiff was done in attempting to accomplish the defendant's business was a question of fact for the trial court.

It was as reasonable to so find, as to find throwing a brick to keep a boy away from a circus tent, *Robinson* v. *Doe*, 224 Mass. 319, or throwing a piece of ice at a boy near a milk wagon, *Zerngis* v. *H. P. Hood & Sons*, 255 Mass. 603, or an assault and battery committed in an attempt to repossess merchandise sold on conditional sale, *Drake* v. *Metropolitan Manuf. Co.*, 223 Mass. 314, were acts all within the scope of the agent's authority.

The attempt by Barcar to turn the knob and open the door against the desire of the plaintiff was an unlawful act. If in its performance the door came in contact with the person of

the plaintiff, recovery may be had under a declaration in the form filed in the instant case. *Fanciullo* v. *B. C. & S. Theatre Corp.*, 297 Mass. 44. *Levi* v. *Brooks*, 212 Mass. 501. *Genga* v. *Director General of Railroads*, 243 Mass. 101, and cases there cited.

The record contains no prejudicial error and the report is dismissed.