No. 435203

## SUPERIOR ELECTRIC SERVICE, INC., ET AL
### v.
### BEVERLY L. SPENCER

(June 7 — September 9, 1957)

*Present:* ADLOW, C. J., GILLEN AND ROBERTS, JJ.

*Gillen, J.* This is an action of tort in two counts. In count 1 the plaintiff, Howard Oshry, sought to recover for personal injuries suffered by him, and in count 2 the other plaintiff, Superior Electric Service, Inc., seeks to recover for property damage done to its vehicle. The cause of action arises out of a collision which occurred on March 2, 1956 between a vehicle owned by the Superior Electric Service, Inc., and one owned by the defendant. The only action

before this Division is Superior Electric Service, Inc. v. Beverly L. Spencer.

*At the trial there was evidence tending to show that* on March 2, 1956 at about 5:45 p,m., Howard Oshry was operating a 1952 Buick sedan owned by the Superior Electric Service, Inc.; that this sedan was principally garaged at 95 Longfellow Road, Newton, Massachusetts; that this was the home of Oshry; that the sedan was being used by Oshry with the permission of the corporate owner; that he was an employee and stockholder of the said corporation; that Oshry's duties consisted of acting as salesman and doing office work at the corporate place of business in Cambridge, Massachusetts; also as liason man between said Cambridge and the affiliated companies having places of business in Lynn and Quincy, Massachusetts; that Oshry's regular hours of employment were from 8:30 a.m. to 5:30 p.m. daily and that he took the motor vehicle home each day to its principal place of garaging; that on the day in question, Oshry had left his place of employment in Cambridge at 5:30 p.m. and was en route to his home in Newton, Massachusetts.

Oshry testified he was through for the day.

One Philip Freeman, General Manager of the Superior Electric Service, Inc., testified that he was Oshry's superior and that he would have knowledge of any business or work assigned to Oshry relating to the use of the vehicle at the close of the normal business day or to be done on the next morning prior to his arrival at the Cambridge place of business.

At the close of the trial and before final arguments, several requests for rulings of law were filed by the plaintiff, Superior Electric Service, Inc. Some were granted and some denied.

The trial judge made the following findings of fact: "I find as a fact that Howard Oshry was an employee and a stockholder of the Superior Electric Service, Inc., and using the plaintiff's motor vehicle

as such at the time of the accident. He was not a bailee. I also find as a fact that the defendant was negligent and that the driver of the plaintiff motor vehicle, Harold Oshry, was not in the exercise of due care but was negligent and such negligence contributed to the accident." While the trial judge in his finding of facts refers to the driver of the plaintiff motor vehicle as Howard Oshry and again as Harold Oshry, the latter reference should have been Howard Oshry.

The trial judge found for the defendant. The plaintiff, Superior Electric Service, Inc., claims to be aggrieved by the refusal of the trial judge to grant certain of the requests for rulings of law. The report sets forth all the evidence material to the questions reported.

All the evidence is set forth in this opinion. The plaintiff argued before this Division on the basis that the evidence did not warrant the conclusion of the trial judge that Oshry was engaged in an operation within the scope of his employment with the Superior Electric Service, Inc., at the time of the accident.

The paucity of the evidence in the report indicates that this was the only question the plaintiff was raising.

If there was evidence to support the conclusion of the trial judge in his finding that Oshry was an agent of the corporation and engaged in its business, the case ends there.

In *Regan v. John L. Kelly Contracting Company*, 226 Mass. 58, where the driver of a motor truck belonging to a contracting company, who after dumping his last load for the day was returning from that locus to the garage where he was to put up the truck, it was held he was acting within the scope of his employment; and where he was negligent on the way to the garage, the employer was liable for the damage caused by his negligence.

In the instant case the trial judge was not com-

pelled to believe the testimony that Oshry was through for the day prior to the time he started on the trip from the place of business to the company garage. Obviously, he did not, in view of his findings of facts. *Lindenbaum v. N.Y.N.H. & H.R.R.*, 197 Mass. 314, 323.

He was warranted in concluding that Oshry was acting within the scope of his employment at the time the negligent act occurred, on the authority of *Regan v. John L. Kelly Contracting Company*, 226 Mass. 58. We find no error.　　*Report dismissed.*

Sumner M. Liebman, for the Plaintiff.