MANUEL REGO *vs.* THOMAS BROTHERS CORPORATION.

Bristol.   December 9, 1959. — February 3, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Assault.   Agency,* Scope of authority or employment.

A corporation engaged in highway construction work might properly be
found liable to one whom its superintendent of the work assaulted
during an altercation between the superintendent and him respecting
the removal of some boulders which had rolled onto land adjacent to
the highway during the work and which the engineer in charge had
ordered the superintendent to remove.

TORT.   Writ in the Superior Court dated July 9, 1957.

There was a verdict for the plaintiff at the trial before
*Cahill,* J.

*William F. Hallisey,* for the defendant.

*Gerald P. Walsh,* for the plaintiff.

COUNIHAN, J.   In this action of tort the plaintiff seeks to
recover damages for personal injuries sustained on May 20,
1957, as the result of an altercation between the plaintiff
and one Clark, an employee of the defendant.   The action
comes here upon the exception of the defendant to the denial
of its motion for a directed verdict.   There was no error.

The evidence, in its aspects most favorable to the plaintiff,
showed that Clark was employed by the defendant as super-
intendent of construction work on a public highway in the
city of New Bedford, known as Phillips Road.   During the
course of the work several large boulders had rolled onto
land of a Mrs. Sylvia abutting the highway.   She was a
niece of the plaintiff who lived with her in a house on this
land.

On the morning of the day of the assault Mrs. Sylvia met
Clark and ordered him to remove the boulders from this
land.   Upon his refusal to do so, she complained to the State

engineer in charge of the job.   He thereupon ordered Clark to remove the boulders and carry them off to a dump.   As a result Clark returned to Mrs. Sylvia's land with two other employees of the defendant and began the work of removing the boulders.

Mrs. Sylvia appeared and told Clark that she had changed her mind and to stop.   While she and Clark were arguing about it, the plaintiff came onto the land and ran up to Clark and in a loud voice told Clark to leave the boulders where they were.   An altercation followed during which Clark struck the plaintiff two severe blows on his face breaking his jaw.   Clark was forty-eight years old, about six feet in height, and weighed one hundred ninety pounds.   The plaintiff was sixty-five years old, about five feet five inches in height, and weighed one hundred twenty-two pounds. The plaintiff testified that he never struck or attempted to strike Clark.

It was early said in *Levi* v. *Brooks,* 121 Mass. 501, at page 505, "The test of the liability of the master is, that the act of the servant is done in the course of doing the master's work, and for the purpose of accomplishing it.   If so done it is the act of the master, and he is responsible 'whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner.'"   See *Robinson* v. *Doe,* 224 Mass. 319; *Ciarmataro* v. *Adams,* 275 Mass. 521, 526; *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 47; *Cowan* v. *Eastern Racing Assn. Inc.* 330 Mass. 135, 141.

*Exceptions overruled.*