*Southern Division*

**EL-EM SEAFOOD TRANSPORT CO., INC.**

v.

**THOMAS GAHAGAN**

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Welch, J.,* in the First District Court of Bristol. No. 411-59.

*Callan, J.* In this action of tort and contract the only issue is whether the defendant is liable for the actions of the driver of a truck in destroying lettuce belonging to the plaintiff and based on the following facts.

In June 1959 the plaintiff, a shipper of farm produce to various parts of the country, used its own trucks and also other trucks

whose owners were seeking a return load to a destination near the point of origin so that the latter trucks would carry freight both ways. The defendant had dispatched a truck to Boston with a load and instructed the driver to pick up a load of potatoes in Charlestown and take them to So. Carolina. Later the defendant received a call from the driver to the effect that he could get a return load of lettuce in Dighton which would pay more money for the trip, and permission was received from the defendant to transport the lettuce. Because of some misunderstanding between the driver and the plaintiff, the shipper, the driver communicated with the defendant and said that he was going to unload the lettuce even if he had to throw it off and return the truck empty. The defendant told him to do what the shipper plaintiff ordered and to "co-operate with the shipper — don't throw the load off". The driver later threw off 474 crates of lettuce which broke on the ground and ruined the lettuce.

Five requests for rulings were filed by the defendant and denied and are as follows:

1. On the law and the evidence, the plaintiff cannot recover.
2. The master is only liable where the servant is acting in the course of his employment.
3. An agent is personally liable to third persons for his own misfeasances and positive wrongs. Story on Agency, (9th Ed.), §308.
4. One acting as agent is liable personally if it

be shown that he acts without authority. Blakemore, Page 611, §926.

5. The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master's express or implied authority upon his business and in the course of his employment for the purpose of doing the work for which he is engaged. The master is not liable if the servant has abandoned his obligations, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation or in connection with the doing of his master's work. *Fleishner v. Durgin,* 207 Mass. 436.

There is no error. It is conceded by the defendant that the driver was his agent at the time the plaintiff's goods were damaged. A master is subject to liability for the torts of his servant committed while acting in the scope of his employment, and although forbidden the acts committed may be within the scope of his employment. *Restatement, Agency,* §219 and §230, Comment *b.*

In the cases of *Powell v. Deveney,* 3 Cush. 300 and *Southwick v. Estes,* 7 Cush. 385, it was held that it was no defense to show that the servant did acts contrary to those directed by the master. The servant being about the business of his master, the master must be responsible for his acts and cannot exempt himself by any order he may give the servant. *Barden v. Felch,* 109 Mass. 154; *Grant v.*

*Singer Manufacturing Co.,* 190 Mass. 489; *Cain v. Hugh Nawn Contracting Co.,* 202 Mass. 237; *Levi v. Brooks,* 121 Mass. 501, 505; *Rego v. Thomas Bros. Corp.,* 340 Mass. 334.

The tortious acts of the driver in throwing the lettuce crates from his truck were done while in the course of doing the defendant's work and in pursuance of the general purpose of his employment. This is the test to be applied.

■ As far as requests 3 and 4 are concerned, the issue here does not involve the personal liability of the agent or servant and were rightly denied. We do not think the case relied on by the defendant of *Fleishner v. Durgin,* 207 Mass. 436 is applicable to the facts in issue as there the servant was acting wholly outside of his employment and for a purpose having no relation to the master's business.

*The report is ordered dismissed.*

Eugene Sullivan of Taunton, for the Defendant.

Talbot T. Tweedy of Taunton, for the Plaintiff contended:

The fact that the act committed by an agent of the defendant, was a wilful, tortious act does not relieve the defendant of any liability. In *Levi v. Brooks,* 121 Mass. 501, at page 505, the Court said:

"The ground taken by the defendants, that the master is not liable for a wilful trespass committed by the servant, cannot be sustained. The test of liability of the master is that the act of the servant

is done in the course of doing the master's work, and for the purpose of accomplishing it. If so done, it is the act of the master, and he is responsible whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner." Also see *Zernglis v. H. P. Hood & Sons*, 255 Mass. 603; *Fancuillo v. B. G. & S. Theatre Corp.*, 297 Mass. 44, and *Cowan v. Eastern Racing Assn., Inc.*, 330 Mass. 135.

In a very recent case, *Rego v. Thomas Bros. Corp.*, 340 Mass. 334, liability was imposed on the defendant master with these facts: The servant, a superintendent of construction, assaulted and battered the plaintiff after an argument concerning the removal of some boulders that had rolled on land belonging to a relative of the plaintiff. The defendant was engaged in construction work on a public highway. The Court, for its decision relied on the quotation above from Levi-v-Brooks case in upholding the trial courts refusal to direct the verdict for the defendant.

In *Robinson v. Doe*, 224 Mass. 319, where a servant threw a brick at children annoying him and hit an innocent bystander, the court succinctly delineates the major factors that determine if a servant is within the scope of his employment, even when committing a wanton act, by stating at page 321: ". . . it could be found that the servant was in *charge of the defendant's property* at their place of business; that he was engaged in protecting it, *in doing their work, promoting their interest; and not engaged in a private venture of his own.*" (Italics added).