*Northern District*

No. 7489

## GUARANTY TRUST COMPANY

*v.*

## SILVER LAKE MOTORS, INC.

Argued: Jan. 28, 1971 - Decided: Oct. 12, 1971

*Present:* Parker, P.J., Cowdrey, Mason, JJ.
Case tried to: ——————, J., in the Second District Court of Eastern Middlesex No. 1264.

*Cowdrey, J. This is an action of contract and of tort* to recover in contract on an altered check, and in tort for deceit by an altered check. The plaintiff's declaration is in five counts, as follows: Count 1 — in contract for breach of contract by alteration of a check; Count 2 — in contract for money had and received by the defendant and to the plaintiff's use; Count 3 — in contract for monies laid out and expended, and paid by the plaintiff for the use of the defendant; Count 4 — in contract for breach of warranty by the defendant;

Count 5 — in tort for deceit by alteration of a check.

The defendant's answer consisted of a general denial, a denial that the acts of Walter E. Gahm were done in the course of his employment, an allegation that acceptance of an obviously altered instrument estops the plaintiff from claiming damage from the defendant, an allegation that prior to certification when payment on the instrument was made, the check was stolen and altered by persons over whom the defendant had no control and was not liable.

*At the trial there was evidence tending to show the following:*

On May 20, 1969, Carmelo Cannistraro went to the defendant, Silver Lake Dodge at 444 Watertown Street, Newton, Massachusetts, with his son and grandson to purchase an automobile. In the showroom of the defendant, Cannistraro met Walter E. Gahm who was a salesman of the defendant. Walter E. Gahm approached Cannistraro, and identified himself as Walter E. Gahm, and discussed the purchase of a car. Cannistraro agreed to purchase a Dodge automobile for $2685.00, and gave Gahm a check made out to Silver Lake Dodge for $1500.00. Gahm filled out a purchase-sale agreement on a form of the defendant on which the deposit of $1500.00 was marked. Cannistraro signed the form and retained a copy. Cannistraro left the premises.

Subsequently, on May 20, 1969, a man who

identified himself as Walter E. Gahm, presented himself to Patrick Flood, an officer of the plaintiff bank, and presented him the aforementioned check for $1500.00 for certification. The name of the payee, Silver Lake Dodge, has been removed and the name of Walter E. Gahm inserted in its place. Flood had no knowledge of the alteration and certified the check. The check was then cashed at the Union Market National Bank and cleared the Guaranty Trust Company around May 21 or 22, 1969.

A week or ten days after Cannistraro purchased the automobile, he spoke to Gahm concerning its delivery. Gahm made some excuse that it was not ready and Cannistraro agreed to continue to wait. Sometime thereafter Cannistraro went to the defendant's place of business to get his automobile. When he arrived there, he was told that he to pay $2585.00 to obtain the automobile, and that the defendant had no record of the payment of $1500.00 by check. Cannistraro was shown a purchase-sale agreement. The purchase-sale agreement, which was held by the defendant and submitted by Gahm only had a credit of $100.00 and Cannistraro's signature had been forged on the bottom of the agreement. The defendant had no record of the purchase sale agreement signed by Cannistraro showing a $1500.00 deposit.

Cannistraro then called the plaintiff to stop payment on the check for $1500.00. However, the check has already been certified and had

cleared through the plaintiff. The defendant refused to give Cannistraro a $1500.00 credit. The defendant said that Walter E. Gahm had no authority to receive a check payable to Gahm nor to accept, alter or cash checks of the defendant. However, the defendant said that Gahm had authority to both receive checks and cash as deposits for automobiles and obtain executed purchase orders from customers, which were then to be turned over to the defendant's bookkeeping department.

The plaintiff seasonably filed requests for rulings as follows:

1. On all the evidence, this court must find for the plaintiff.

2. On all of the law, this court must rule for the plaintiff.

3. As a matter of law, this court must find that Walter E. Gahm was a duly authorized agent of the defendant and that the defendant is bound by the acts of Walter E. Gahm.

4. As a matter of law, this court must find that Walter E. Gahm was a duly authorized agent of the defendant, and that the defendant is bound by Walter E. Gahm's receipt and subsequent use of the check.

5. As a matter of law, this court must find that the defendant is liable to the plaintiff for the loss that the plaintiff incurred as the result of the acts of its agent, Walter E. Gahm.

6. As a matter of law, this court must find that Walter E. Gahm had apparent authority to act on behalf of the defendant, and that the defendant is bound by the acts of Walter E. Gahm done under that apparent authority.

7. As a matter of law, this court must find that the alteration of the check by Walter E. Gahm does not prevent the defendant's liability to the plaintiff for the acts of Walter E. Gahm.

The court denied the plaintiff's requests for rulings numbered 1 to 6, and allowed plaintiff's request for ruling numbered 7, with the following comment: "I do rule that the altering of the check by the salesman of the defendant did not bar the plaintiff from recovering if in making the alteration the salesman was acting within the scope of his authority. I refer the plaintiff to my specific finding that the [salesman] was not so acting."

The court made the following finding:

"I find that the salesman at the time of his fraudulent conduct, although in the employ of the defendant and working for it, was not acting within the scope of his employment, the sale of automobiles, but was engaged in a private larcenous venture. For that reason, I find for the defendant."

The sole issue in this case is whether the salesman of the defendant, in taking, altering and cashing the check of the customer involved

and pocketing the proceeds, was acting within the scope of his employment.

It was early said in *Howe* v. *Newmarch,* 12 Allen 49 at p. 57, and reaffirmed in numerous later decisions, as follows "the master is not responsible if the wrong done by the servant is done without his authority, and not for the purpose of executing his orders, or doing his work. So that if the servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending by his act to execute it, does an injury to another not within the scope of his employment, the master is not liable. But if the act be done in the execution of the authority given him by his master, and for the purpose of performing what the master has directed, the master will be responsible, whether the wrong be occasioned by negligence, or by a wanton or reckless purpose to accomplish the master's business in an unlawful manner." *Rego* v. *Thomas Brothers Corp.,* 340 Mass. 334.

Applying the rule to the factual situation here presented, the trial justice was correct in his rulings and ultimate finding. It is obvious that the acts of the salesman in taking, altering and cashing the check in question and absconding with the proceeds were not done for the purpose of executing the defendant's orders or doing his work. The defendant's employee engaged in conduct of a larcenous nature, disregarding the object for which he was

employed. **The report is to be dismissed.**

KUNIAN & KUNIAN
  for the plaintiff.
M. FREDERICK PRITZKER
  for the defendants.