**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gaetano FRIZZI, Defendant-Appellant.**

**No. 73-1131.**

United States Court of Appeals,
First Circuit.

Argued Jan. 7, 1974.

Decided Jan. 30, 1974.

Joseph C. Delcore, Everett, Mass., with whom Alfred Paul Farese, Everett, Mass., was on brief, for appellant.

Thaddeus B. Hodgdon, Atty., Dept. of Justice, with whom James N. Gabriel, U. S. Atty., Jeffrey M. Johnson, Sp. Atty., Boston Strike Force, Boston, Mass., and John. J. Robinson, Atty., Dept. of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

With this case we hope to complete our coverage of 18 U.S.C. § 111, the statute conferring federal jurisdiction over prosecutions for assaulting or otherwise impeding certain federal officers while in the performance of their duties, most recently discussed in United States v. Perkins, 1 Cir., 1973, 488 F.2d 652. As we there indicated, the statute has several purposes. One is to punish deliberate forcible interference even when no other misconduct is involved. *See* Finn v. United States, 9 Cir., 1955, 219 F.2d 894, cert. denied 349 U.S. 906, 75 S.Ct. 583, 99 L.Ed. 1242; *compare* Long v. United States, 4 Cir., 1952, 199 F.2d 717. A more commonly invoked objective is simply to afford the federal officer, engaged in performing his duties, the protection of the federal court when a common law offense is committed against him. *E. g.*, United States v. Langone, 1 Cir., 1971, 445 F.2d 636, cert. denied 404 U.S. 915, 92 S.Ct. 226, 30 L.Ed.2d 189. The instant case presents an unusual set of facts drawing on both purposes.

On a certain afternoon one Larity, a United States Postal Service mail carrier, having completed his deliveries, was on his way back to the post office to return mail he had picked up. He was in uniform, driving his own car. A double-parked truck impeded traffic, and Larity backed up to permit an on-coming car, driven by defendant, to pass. For reasons that do not appear, defendant stopped opposite Larity and responded to the courtesy with an obscene epithet. Larity told him to shut his mouth. Defendant, instead, spat in Larity's face. Both men then drove clear, stopped their cars, and emerged and approached each

other.[1]  Larity testified that his intent was to demand an apology. Defendant frustrated this purpose by knocking him down, cutting his chin. Defendant was indicted under the statute, and found guilty by a jury.

On this appeal the principal issue is defendant's claim that he was entitled to a directed acquittal. He argues that spitting in the face does not amount to a forcible assault, and that when Larity, instead of driving on, left his car and approached defendant, he had ceased to be in the course of his employment.

██ We do not think it could be ruled that spitting in the face is not forcible assault, or, more exactly, a battery falling within the statutory description "forcibly assaults, resists, opposes, impedes, intimidates or interferes." Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive. Alcorn v. Mitchell, 1872, 63 Ill. 553; Whitsett v. Ransom, 1883, 79 Mo. 258, 260. The statute does not require the infliction of bodily injury. Defendant confuses the issue when he says the government failed to prove Larity was put in fear. If fear were necessary to make a battery actionable under the statute, a defendant who struck before he was seen, and ran away, or rendered the victim immediately unconscious, so that no fear or apprehension arose, could not be convicted. Quite apart from defendant's generally improper interjection of the element of fear, *cf*. Commonwealth v. Slaney, 1962, 345 Mass. 135, 185 N.E.2d 919, it would seem particularly inappropriate to require fear in a statute which covers resisting, opposing, and acts of interference which may not be fear-inducing in any respect.

██ But even if it could be thought that the spitting was neither an assault nor a battery, we do not accept defendant's further claim. At the time of the spitting Larity manifestly was engaged in his employment. His response, to seek an apology, although natural, may not have been the wisest one, but we cannot quite say it was outside the scope of that employment. *Cf*. United States v. Marcello, 5 Cir., 1970, 423 F.2d 993, cert. denied 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543. Rather, a jury should be permitted to choose between a personal frolic and standing up for his employer's right to have him pursue his duties unmolested.[2]  *Cf*. Zerngis v. H. P. Hood & Sons, 1926, 255 Mass. 603, 152 N.E. 50; Robinson v. Doe, 1916, 224 Mass. 319, 112 N.E. 1007. The jury was properly charged with respect to a personal frolic. We see no more merit in defendant's motion for acquittal than in his original conduct.

The balance of the appeal is devoted to the all-too-familiar practice of complaining about a charge of which no complaint was made below. We are particularly unreceptive to this when the new-found objection is not to an affirmative error, but to mere failure to give further explanation. Apart from our general dislike of Monday morning nitpicking of a charge, this type of defect, if a defect, is readily remediable, and hence a classic example of where it is counsel's duty to speak up at the time. We see no error, but if there were one we would disregard it.

Affirmed.

---

1. As to this last event only, there is a dispute in the testimony. The dispute is irrelevant to defendant's motion for acquittal.

2. We of course do not suggest that self defense against unreasonable "standing up" for his authority by a public officer would subject the resister to liability under 18 U.S.C. § 111.