JAMES DWYER *vs.* THE HEARST CORPORATION.

Suffolk.    February 21, 1974. — February 21, 1975.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Practice, Civil,* Action transferred to District Court.    *Evidence,* Prima
    facie evidence.    *Agency,* Scope of authority or employment.    *As-*
    *sault.*

The provision of G. L. c. 231, § 102C, that a District Court decision
    shall be prima facie evidence at a Superior Court retrial of the same
    case did not require admission of a District Court finding against a
    defendant on one count of a tort declaration in a Superior Court
    retrial of another count of the same declaration against a different
    defendant. [77-79]
In a tort action evidence that a truck driver employed by the defend-
    ant, on his way to refuel and eat supper after completing deliveries,
    struck the plaintiff because the plaintiff's truck was blocking the
    street, warranted a finding that the driver was acting within the
    scope of his employment at the time of the assault. [79-81]

TORT.    Writ in the Superior Court dated September 7, 1965.

Following transfer to the Municipal Court of the City of Boston and retransfer to the Superior Court the action was tried before *Goldberg, J.*

*Francis X. Kiley* for the defendant.

*Joseph W. MacDonald* for the plaintiff.

GOODMAN, J.   The plaintiff initiated this action in the Superior Court; the declaration is in two counts, one against the defendant The Hearst Corporation (Hearst) and one against DeMarco, an employee of Hearst. Each count alleges that the plaintiff sustained personal injuries as a result of an assault upon him by the employee. The case was transferred to the Municipal Court of the City of Boston (Municipal Court) in accordance with G. L. c. 231, § 102C, where a trial resulted in findings for the plaintiff against Hearst and against DeMarco, each in the amount of $20,570. Hearst appealed the finding against it to the Appellate Division of the Municipal Court,[1] which ordered that the finding be vacated and that a finding be entered for Hearst on the count against it.

The plaintiff then retransferred the case to the Superior Court, where a jury trial resulted in a verdict against Hearst in the amount of $5,000. Both the plaintiff and Hearst filed bills of exceptions. See *Consolo* v. *Massachusetts Bay Transp. Authy.* 1 Mass. App. Ct. 338, 339-341 (1973). The plaintiff's amended substitute outline bill of exceptions challenges the exclusion in the Superior Court of the finding against DeMarco by the Municipal Court. Hearst's bill of exceptions raises the issue whether its motion for a directed verdict should have been granted.

1. *The plaintiff's exceptions.* At the trial in the Superior Court, in which DeMarco did not participate, the trial judge excluded the finding against DeMarco in the sum

---

[1] DeMarco, so far as appears, took no further action at any stage of the proceedings.

of $20,570, which was offered by the plaintiff against
Hearst. The trial judge said, "The only case that is being
tried before the jury is Count 2 against The Hearst Publi-
cations. Count 1, which was against DeMarco, is not be-
fore the jury...."[2]

The plaintiff argues that the admission of the finding
was required by G. L. c. 231, § 102C.[3] We do not so read
the statute. Section 102C provides that "the Municipal
Court decision has prima facie effect only at a Superior
Court retrial of the *same case*" (emphasis in original).
*Adams, Harkness & Hill, Inc.* v. *Northeast Realty Corp.*
361 Mass. 552, 555 (1972). What is made admissible as
prima facie evidence are the decision of and the damages
assessed by the Municipal Court when offered in "[t]he
action ... thereafter ... tried in the superior court." G. L.
c. 231, § 102C (last par.). But the action tried in the
Superior Court was the count against Hearst, not the count
against DeMarco. That the declaration also contained a
count against DeMarco is irrelevant. The count against
DeMarco was for a separate cause of action. *Farquhar* v.
*Farquhar,* 194 Mass. 400, 404 (1907). *Kenney* v. *Boston
& Maine R.R.* 301 Mass. 271, 274 (1938). See Mottla, Civil
Practice, § 288, pp. 267-268 (1962). Similarly, in *Petruz-
ziello* v. *Borselli,* 321 Mass. 749 (1947), an auditor's report
which found liability against the operator of an automobile
was not admitted against the owner, though the separate

---

[2] Also, the court in its charge stated, without objection: "In the
Declaration which you will have there are two counts: Count 1, which
is against DeMarco, and a Count 2 against DeMarco's alleged em-
ployer, Hearst Publications. Now, Count 1 against DeMarco is not be-
fore you.... What is before you now is simply Count 2, the action
against The Hearst Publications...." We need not decide the exact
status of the count against DeMarco.

[3] That statute reads in pertinent part (last par.): "The action shall
thereafter be tried in the superior court. The decision of, and the
amount of the damages assessed, if any, by a district court shall be
prima facie evidence upon such matters as are put in issue by the
pleadings, and no other findings of such court shall at any time be ad-
missible as evidence or become part of the pleadings...."

cases in tort against the owner and operator were heard together by the auditor and thereafter tried together.[4]

2. *The defendant's exceptions.* The motion for a directed verdict was properly denied. From the evidence as summarized in the bill of exceptions, taking the evidence favorable to the plaintiff, the jury could have found that on the day of the incident DeMarco was employed by the defendant as a truck driver to deliver newspapers. At about 5:00 p.m. he was returning from making deliveries on the North Shore and was driving the truck on Salem Street in the North End. The plaintiff had parked his truck on Salem Street while delivering merchandise and was blocking DeMarco's way. DeMarco (as set out in the bill of exceptions) "swore and cursed at Dwyer, asking him to move his truck; Dwyer replied he'd only be a couple of minutes and bent over to pick up his merchandise, the driver of the other truck [DeMarco] struck him (the plaintiff) on the jaw. . . . After the altercation DeMarco went to gas up, and then back to the office."

On this evidence the jury could have found "that the employee's assault was in response to the plaintiff's conduct which was presently interfering with the employee's ability to perform his duties successfully." *Miller* v. *Federated Dept. Stores, Inc.* 364 Mass. 340, 350 (1973). This case is the most recent examination by the Supreme Judicial Court of the liability of an employer for an assault committed by its employee whose work does not normally require the use of force. The court went on to say, "This interference may be in the form of an affirmative attempt to prevent an employee from carrying out his assignments, as in the *Levi* [*Levi* v. *Brooks*, 121 Mass. 501 (1877)] and *Rego* [*Rego* v. *Thomas Bros. Corp.* 340 Mass. 334 (1960)] cases, or in the failure to do acts necessary to enable the employee to begin or continue his assignments, as in the *Hobart* case [*Hobart* v. *Cavanaugh*, 353 Mass. 51 (1967)]. Assaults arising in either of these contexts constitute acts

---

[4] The plaintiff does not argue, and we need not deal with the applicability of the principles governing estoppel and res judicata.

committed within the scope of employment, in that they stem from and directly relate to the frustration of the ability to perform on the assignments for which the employee is presently responsible." Indeed, the *Hobart* case is quite similar on its facts. There, as here, the assault was by an employee truck driver in response to the plaintiff's conduct which delayed refueling a truck. See *Howe* v. *Newmarch*, 12 Allen 49, 56 (1866).

The defendant contends that it is not liable because DeMarco was on his way to supper. However, we need not pass on whether this would absolve the defendant in this case. The testimony of DeMarco that he never went home for supper that evening because he spent his supper time in the altercation, even if believed, is merely some indication of his intent which is not dispositive. *Miller* v. *Federated Dept. Stores, Inc.* 364 Mass. at 348-349. The jury could weigh it in the light of his testimony that he went to "gas up" after the assault. It was also for the jury to determine the significance to be given the testimony of the defendant's superintendent of delivery that after making deliveries on the North Shore, "DeMarco was given permission to go home for his supper, then gas up his truck and return for another local delivery." The jury, if they believed this at all, could understand it as a description of a general pattern which admitted of variation.

The defendant's bill of exceptions is meager. However, the transcript of the trial was submitted to us in connection with the plaintiff's outline bill of exceptions. Rule 1:22 (4) of the Appeals Court, 1 Mass. App. Ct. 893 (1972). See *Goldman* v. *Mahony*, 354 Mass. 705, 711-712 (1968). We are free to examine it in connection with the entire case. See *American Discount Corp.* v. *Kaitz*, 348 Mass. 706, 708-709 (1965), citing G. L. c. 231, § 135 (3d par.), as amended through St. 1941, c. 187; *Kennedy* v. *U-Haul Co. Inc.* 360 Mass. 71, 72 (1971).

The transcript buttresses the result we have reached. There is testimony by DeMarco that he "was going to the garage to gas up and then go home to eat," and there is corroboration in the testimony of the superintendent of

delivery. The plaintiff also testified that DeMarco told him, "Come on, move your ... truck" and said that he was in a hurry because he had work to do. The jury could thus rationally have found for the plaintiff.

*Plaintiff's exceptions overruled.*

*Defendant's exceptions overruled.*