MARY GAIL SLAVEN, administratrix, *vs.* CITY OF SALEM.

Essex. April 9, 1982. — July 27, 1982.

Present: WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Imprisonment. Negligence,* Jailor. *Municipal Corporations,* Liability
for tort. *Practice, Civil,* Summary judgment.

In an action against a city pursuant to G. L. c. 258, alleging negligence
associated with the suicide of a prisoner in the custody of the city's
police department, there was no error in allowing the defendant's mo-
tion for summary judgment where affidavits submitted by police of-
ficers in support of the motion denied the plaintiff's allegation in her
complaint that the defendant "knew or had reason to know from
observations of the prisoner that he was a suicidal risk," and where the
plaintiff then failed to proffer specific facts supporting her assertion,
or an affidavit pursuant to Mass. R. Civ. P. 56 (f), 365 Mass. 824
(1974), stating reasons for such failure. [886-890]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 2, 1980.

The case was heard by *Irwin,* J., on a motion for sum-
mary judgment.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Neil Rossman (Norine Philipp* with him) for the plaintiff.

*William F. Quinn,* Assistant City Solicitor, for the de-
fendant.

LIACOS, J. The plaintiff, as administratrix of her
brother's estate, commenced an action against the defend-
ant (city) pursuant to G. L. c. 258, the Massachusetts Tort
Claims Act. The plaintiff appeals and challenges the cor-
rectness of an order by a Superior Court judge granting the
defendant's motion for summary judgment. Mass. R. Civ.

P. 56, 365 Mass. 824 (1974). We transferred the appeal here on our own motion and we now affirm.

The tragic facts underlying this appeal are shown in the plaintiff's complaint, deposition testimony, and the city's affidavits. Joseph Fitzgibbons, a prisoner in the custody of the city's police department, committed suicide by hanging himself in his cell on May 19, 1979. A police officer, James M. Driscoll, had arrested Fitzgibbons for open and gross lewdness at approximately 1:15 P.M. on the same afternoon, taken him to the police station, and informed him of his rights. The prisoner made two telephone calls; one to his sister, the plaintiff administratrix, and the other to his employer. Officer Driscoll then asked Fitzgibbons to empty his pockets, recorded the charges against him, and placed him alone in a cell. The prisoner was wearing a red shirt which was not tucked into his trousers.

At approximately 4:30 P.M. that afternoon, the plaintiff and her husband, accompanied by a police officer, Nelson Dionne, visited the prisoner in his cell for a short period of time. The plaintiff agreed to assist her brother in raising bail and to return later with some sandwiches and another visitor. The plaintiff saw that he was wearing a belt.

While inspecting the cell area at approximately 5:30 P.M., another police officer, Charles Bergman, saw Fitzgibbons hanging from a bar in the cell door. A belt was tied to the upper bar of the cell door and looped around his neck. Officer Bergman cut the belt and called to other police officers for assistance. Efforts to resuscitate him failed, and he was pronounced dead on arrival at Salem Hospital.

The plaintiff argues that the judge erred in granting the city's motion for summary judgment because a genuine issue of material fact was raised and the city was not entitled to judgment as a matter of law. See Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). The plaintiff's other claims of error are stated in the text of the opinion.

It has been stated that a defendant is liable for another's death by suicide when, as a consequence of a physical impact, death results from an "uncontrollable impulse, or is

386 Mass. 885                                                887

accomplished in delirium or frenzy." *Daniels* v. *New York, N.H. & H.R.R.*, 183 Mass. 393, 399-400 (1903). See generally *Freyermuth* v. *Lutfy*, 376 Mass. 612, 618-620 & n.6 (1978). In *Daniels* and *Freyermuth*, this court addressed the issue of the defendant's liability for another's suicide in terms of proximate cause. *Daniels, supra* at 398. *Freyermuth, supra* at 618-619 & n.5. The court, in both cases, had first concluded that the defendants' actions were negligent. The court reached the issue of the circumstances in which a tortfeasor is liable for a resulting suicide only because it first found a duty to the plaintiff and then found a breach of that duty. Thus, before the issue of proximate causation is reached in the instant case, the plaintiff, in order to survive the motion for summary judgment, must show that there were material facts in issue relating to the city's duty and the breach thereof.

This court has never specifically addressed the issue of the duty, if any, owed by prison officials to a person within their custody and control. Cf. *Massachusetts Gen. Hosp.* v. *Revere*, 385 Mass. 772, 776-780 (1982) (Federal Constitution places duty on police officials to care for medical needs of one in custody). The Restatement (Second) of Torts recognizes the duty of a jailor as being similar to the duty of common carriers or innkeepers. One who is required by law to take or voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a duty (1) to protect them against unreasonable risk of physical harm, and (2) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others. Restatement (Second) of Torts § 314A (1965). The comments to § 314A state that a "defendant is not liable where he neither knows nor should know of the unreasonable risk, or of the illness or injury," Restatement, *supra* at Comment e, and that a "defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered, or is ill or injured," Restatement, *supra* at Comment f. We assume, without deciding,

that the Restatement would be followed in this Commonwealth. See *Newman* v. *Redstone*, 354 Mass. 379, 383 (1968).[1]

We note, also, that the case law from other jurisdictions generally follows the Restatement view. In cases that have addressed the issue of the liability of a jailor for the suicide of one in his custody, most have required that there be evidence that the defendant knew, or had reason to know, of the plaintiff's suicidal tendency. See, e.g., *Maricopa County* v. *Cowart*, 106 Ariz. 69 (1970) (deceased made repeated statements that he intended to kill himself); *Dezort* v. *Hinsdale*, 35 Ill. App. 3d 703 (1976) (defendants aware of deceased's known and expressed suicidal tendencies); *Thornton* v. *Flint*, 39 Mich. App. 260 (1972) (enough evidence to raise issues of fact for jury to decide whether defendant knew, or should have known, of plaintiff's condition); *Belen* v. *Harrell*, 93 N.M. 601 (1979) (custodial officials warned of deceased's suicidal tendencies). See generally Note, Custodial Suicide Cases: An Analytical Approach to Determine Liability for Wrongful Death, 62 B.U.L. Rev. 177, 183-184, 203-204 (1982).

The plaintiff, in her complaint, did allege that the defendant "knew or had reason to know from observations of the prisoner that he was a suicidal risk." The city, through the above named police officers, submitted affidavits accompanying its motion for summary judgment. Each officer averred to facts within his personal knowledge which evidenced that none of them knew, or should have known, that the prisoner was suicidal. To avoid entry of summary judgment against her, the plaintiff was then required to allege specific facts which established that there is a genuine, triable issue. *Community Nat'l Bank* v. *Dawes*, 369

---

[1] We put aside the question raised by the city whether liability for suicide can be found absent any evidence of physical impact or traumatic injury caused by the negligence of a defendant. See *Daniels* v. *New York, N.H. & H.R.R.*, 183 Mass. 393 (1903); *Freyermuth* v. *Lutfy*, 376 Mass. 612, 618-620 (1978). No such requirement is found in the Restatement (Second) of Torts § 314A (1965).

Mass. 550, 554 (1976). *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722 (1976). "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). "The party failing to file an opposing affidavit in such a situation cannot rely on the hope that the judge may draw 'contradictory inferences' in his favor from the apparently undisputed facts alleged in the affidavit of the moving party." *Farley* v. *Sprague,* 374 Mass. 419, 425 (1978), citing *Community Nat'l Bank* v. *Dawes, supra.* Specifically, the plaintiff was required to proffer facts which supported her assertion that the police knew, or had reason to know, that the prisoner was suicidal. See, e.g., *First Nat'l Bank* v. *Slade,* 379 Mass. 243, 245 (1979); *Olde Towne Liquor Store, Inc.* v. *Alcoholic Beverages Control Comm'n,* 372 Mass. 152, 155 (1977). This the plaintiff failed to do. Therefore, the plaintiff's failure to keep alive a triable issue regarding the city's duty to her intestate made proper the judge's grant of the city's motion for summary judgment.[2]

The plaintiff, however, further contends that the judge erred in granting the city's motion for summary judgment because the city's affidavits raised an issue of credibility. In the city's affidavits, the arresting officer avers that he did not know that the prisoner was wearing a belt. Officer Dionne's and Officer Bergman's affidavits are silent on this issue. The plaintiff, in her deposition, stated that her brother was wearing a belt. Although that fact appears to be in dispute, the fact is not material because the fact could not aid in establishing negligence without at least a preliminary finding that the city knew, or should have known, that the deceased was a suicidal risk. Compare *Dezort* v.

---

[2] The plaintiff's counsel on appeal was not the attorney for the plaintiff at the time of the hearing on the motion for summary judgment.

*Hinsdale, supra* (police regulations required jailor to take belt away from prisoner before confinement).[3]  Until the city's duty is established, by the facts or otherwise, whether the prisoner was wearing a belt at the time of his arrest is immaterial.

The plaintiff further contends that the judge erred in granting summary judgment for the city because the affidavits were based on facts known only to the police officers who were interested parties.  If, however, the plaintiff is unable to "present by affidavit facts essential to justify [her] opposition" to summary judgment, the plaintiff must file an affidavit and state the reasons for that inability.  Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974).  "A party must resort to [rule 56 (f)] when it is opposing summary judgment and is unable to present a sufficient affidavit because the necessary facts or evidence are possessed or controlled by the moving party."  *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 183 (1979).  The plaintiff in the instant case failed to allege any facts that contested the affiants' assertions of facts; nor does the plaintiff argue that conflicting inferences could be drawn from the city's affidavits.  Compare *United States* v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The plaintiff, to prevail, must indicate that she can produce the requisite quantum of evidence to enable her to reach the jury with her claim.  *Hahn* v. *Sargent*, 523 F.2d 461, 468 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  We firmly reject the plaintiff's contention that she could prove that the city knew, or should have known, of her brother's alleged suicidal tendencies by cross-examining the police officers, and, on the officers' denial of this matter, thereby establish the affirmative.  See J.W. Smith & H.B. Zobel, Rules Practice § 56.8 (1977).[4]

---

[3] There is nothing in the record to show any duty to remove a belt from all prisoners as a matter of due care, or as a matter of regulation, or standard practice.

[4] The plaintiff also contends that the city's answer and affidavits do not refute the allegations of negligence, and thus the facts as stated in her

Finding no error, we affirm the judgment of the Superior Court.

*So ordered.*

complaint are taken as admitted.   See, e.g., *Smith* v. *Suburban Restaurants, Inc.,* 374 Mass. 528 (1978).   The record, however, does not support this contention.