Turcotte, P.J.
The pleadings present the issue whether the defendants as landlords were negligent in the maintenance and control of the premises causing property damage to the plaintiff as tenant. The trial judge made no findings of fact and found for the plaintiff in the sum of $6,275.00. The defendants claim to be aggrieved by the denial of their following requests for rulings of law:
4. Upon all of the evidence, a finding for the defendants is required on the grounds that the plaintiff has failed to meet her burden of proof that the defendants breached a duty of care to the plaintiff.
6. Upon all the evidence, a finding for the defendants is required on the grounds that the plaintiff has failed to meet her burden of proof that any act or omission of the defendants was the proximate cause of the damage she alleges.
Dist./Mun. Cts. R. Civ. P., Rule 64(b) provides in part “ ‘No review as of right shall lie to the refusal of a request for a ruling “upon all the evidence” in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.’ ” We will review the denial of defendants’ requests 4 and 6 on the grounds specified therein, namely that the plaintiff failed to prove a breach of care by the defendants, and failed to prove the defendants were the proximate cause of the damage to the plaintiff.
The report properly stated that it contained all the evidence material to the issue of whether there was error in denying the requests. Dist./Mun. Cts. R. Civ. P., Rule 64(c) and Form 33. The Appellate Division is bound to accept the record of the case as set out by the trial judge in his report. Burbank v. Farnham, 215 Mass. 515 (1915).
The facts are that the plaintiff occupied an apartment as a tenant in a building owned by the defendants. The plaintiff suffered damage from a “suspicious fire” which occurred about 4:30 P.M. on the premises and originated from a basement storage area occupied by another tenant adjacent to the one occupied by the plaintiff. Access to a common area adjacent to the *125 tenant individual storage areas had been secured by the defendants’ resident manager that same day after an earlier fire was extinguished at about 1:00 P.M. and the doors and windows were still secure after the fire at 4:30 P.M. There was no evidence what burned or what caused the fire which damaged the plaintiff’s property.
We construe the evidence most favorably to the plaintiff to determine whether anywhere in evidence, from whatever source derived, any combination of circumstances could be found in favor of the plaintiff. Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983) “We are mindful that the inferences must be based on ‘probabilities rather than possibilities’ and not be the result of mere speculation and conjecture!” Mullins v. Pine Manor College, supra. In the case before us, this construction does not result in the plaintiff sustaining her burden of proving the defendants violated a duty of care to the plaintiff, and caused damage to the plaintiff. The issue of causation is not reached unless there is a duty of care. Shaven v. City of Salem, 386 Mass. 885, 887. “It is essential that the plaintiff prove a casual connection between the defendants’ negligence and the injury or damage which he suffers.” 37 J. NOLAN, TORT LAW, MASS. PRACTICE SERIES § 201 (1979) at 308.
Both requests 4 and 6 should have been allowed. The decision is reversed. Judgment for the defendants.