Hurley, J.
The plaintiff brought suit to recover a deficiency resulting from the sale after repossession of a tractor. The defendant answered and counterclaimed that the deficiency was caused by the plaintiffs actions. The plaintiff filed a motion for summary judgment and marked it for a hearing on a date some six months after filing of the complaint. Approximately three days prior to the hearing, the defendant filed a motion to continue the hearing pursuant to Dist./Mun. Cts. R Civ. P., Rule 56(f) supported by an affidavit of counsel. After hearing the trial court denied the motion to continue hearing and allowed the motion for summary judgment. This report followed.
The defendant argues that the trial court abused its discretion in denying the motion to continue because he made a good faith request for additional time to engage in discovery concerning the reasonableness of the plaintiffs sale of the tractor. Rule 56(f) provides that “Should it appear from affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.” Three relevant paragraphs of the defendant’s affidavit in support of the motion to continue set forth his reasons:
5. These defenses bring into play certain factual issues which may only be properly presented to this Court after reasonable discovery from the defendant has been obtained.
6. On or before June 30,1990,1 intend to file and serve on the plaintiff a Request for Production of Documents and Interrogatories seeking discovery relative to the factual issues raised in defendant’s answer.
7. Therefore, I request a reasonable enlargement of time for responding to plaintiffs Motion, and for a continuance of the hearing date presently scheduled for June 19,1990.
No specific facts based on personal knowledge were noted in support of paragraphs 5,6 and 7. In the five months between the filing of the complaint and the motion for summary judgment, no discovery activity was undertaken by the defendant. In order for the affidavit to be sufficient, the opposing party must set forth the basis for the *99 inability to present specific facts essential to justify the opposition to the motion for summary judgment. Slaven v. City of Salem, 386 Mass. 885 (1982). Aronson v. Commonwealth, 401 Mass. 244 (1987). In effect the defendant restated the allegations and denials filed in his answer and counterclaim. This is insufficient to defeat the motion for summary judgment. Community National Bank v. Danes, 369 Mass. 550 (1976).
In A. John Cohen Insurance Agency, Inc. v. Middlesex Insurance Company, 8 Mass. App. Ct. 178 (1979), the Appeals Court made it clear that when a party opposes a motion for summary judgment but is not able to present a sufficient affidavit in opposition because the necessary facts or evidence are possessed or controlled by the moving parly, Rule 56(f) is the only remedy available to the opposing party. In considering the Rule 56(f) motion, the court has discretion whether to afford relief. Blake Brothers Corporation v. Daniel F. Roche & another, trustees, 12 Mass. App. Ct. 556 (1981). The defendant had available all the materials filed by the plaintiff in support of the motion. These included the May 7, 1990 affidavit of the plaintiffs regional vice president setting forth in some detail the activities of the plaintiff in repossessing and selling the tractor. In addition copies of letters to twenty-nine parties who might have an interest in purchasing the tractor at a public auction were furnished to the defendant. In sum, the lack of any affidavit based on personal knowledge stating the specific facts and circumstances warranting a continuance to obtain discovery, the bulk of which was already in the defendant’s possession, justified the judge’s exercise of discretion denying the motion. See E. A. Miller v. South Shore Bank, 405 Mass. 95 (1989).
The plaintiffs motion for summary judgment is comprehensive, amply supported by affidavit, and presented with a thorough, well researched memorandum of law. Each of the defendant’s asserted defenses was addressed. In order to avoid the entry of summary judgment, the defendant is required to allege specific facts which establish that there is a genuine issue for trial. Rule 56 (e). Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). Summary judgment was appropriately entered against the defendant. First National Bank of Boston v. Slade, 379 Mass. 243 (1979).
The report is dismissed.