Grabau, J.
Sharon Lucas (Lucas), the Plaintiff, has filed this action seeking recovery for personal injuries that she sustained from the Defendants: Robert Leary (Leary) (individually and as an agent of Atlantic Security Guards Inc.); Kenneth Dubois (Dubois); Merrimack Plaza Associates (Merrimack); Merrimack Properties, Inc.; MB Management Corporation; Lowell River Associates Partnership; Bowditch Investment Corporation II; Robert S. Bowditch, Jr.; and Atlantic Security Guards, Inc. (ASG). ASG moves for summary judgment.

BACKGROUND

The Merrimack Plaza Apartments are located at 115 Post Office Square, Lowell, Massachusetts. Merrimack, the property’s management company, retained the Defendant, ASG, to assist with security for the property at all times relevant to this case. At approximately 2:30 A.M. on June 18, 1995, Lucas and an acquaintance had been sitting in her car within the parking lot of the Merrimack Plaza Apartments. While sitting in her car, Lucas was approached by Leary, an ASG security guard, and Dubois, Leary’s friend who frequently visited Leary at work. Leary requested that Lucas and her acquaintance exit her car. Leary told Lucas’s acquaintance to leave the area. The acquaintance subsequently drove away in his vehicle. Leary accused Lucas of prostitution and threatened to call the Lowell Police and report her. Leary told Lucas that he would not call the police, however, if she performed oral sex on him and Dubois. Lucas performed oral sex on Leary and Dubois. Lucas subsequently called the Lowell Police who arrested Leary and Dubois for rape. At their criminal trials, Lucas did not testify against Leary or Dubois. The Plaintiff now brings this civil action to recover damages from all the named Defendants as a result of the aforementioned incident. The Plaintiff contends that ASG is liable, on a theory of Respondeat Superior (Count I & II), for the actions of Leary who caused her injuries, and that ASG is liable for the injuries sustained by Lucas on a theory of general negligence (Count V). The Defendant ASG, moves for Summary Judgment on Counts I, II, and V pursuant to Mass.R.Civ.P. 56(c).[2]

DISCUSSION

Mass.R.Civ.P. 8(a) requires a pleading “which sets forth a claim for relief contain[ing] a short and plain statement of the claim . . .” Mass.R.Civ.P. 8(e)(1) requires each averment to be “simple, concise and direct,” however, “[n]o technical forms are needed.” Although Lucas has not been overly precise in her Complaint, or her Amended Complaint, the Massachusetts Rules of Civil Procedure allow me to read them liberally, therefore I consider each loosely *55 pleaded count as they relate to ASG’s Motion for Summary Judgment.
Summary Judgment Standard
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time Inc, supra at 17.
Respondeat Superior
Lucas contends that, on a theory of respondeat superior, ASG is liable for the sexual assault and sexual battery to her.
The Defendant asserts that they cannot be held vicariously liable because Leary’s alleged actions were outside the scope of his employment.
In Massachusetts, a plaintiff may impute liability to an employer for the intentional torts of its employee via the doctrine of respondeat superior or vicarious liability “if the tortious act or acts were committed within the scope of employment.” Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 404 (1990), citing Miller v. Federated Dep’t Stores Inc., 364 Mass. 340 (1973). The “conduct of an agent is within the scope of employment if it is of the kind he is employed to perform . . .; if it occurs substantially within the authorized time and space limits . . . and it is motivated, at least in part, by a purpose to serve the employer . . .” Id., quoting Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 737, 742 (1987).
Clearly, ASG did not employ Leary to sexually batter Lucas, therefore ASG may not be held liable on this standard. Alternatively however, the Plaintiff may demonstrate that the “employee’s assault was in response to the plaintiffs conduct which was presently interfering with the employee’s ability to perform his duties successfully.” Id. Acts committed within this context constitute acts within the scope of employment because they “stem from and directly relate to the frustration of the ability to perform on the assignments for which the employee is presently responsible.” Id. at 405; accord, Hobart v. Cavanaugh, 353 Mass. 51, 52 (1967); Rego v. Thomas Brothers Corp., 340 Mass. 334, 335 (1960).
In her opposition for summary judgment, the Plaintiff cites Dwyer v. Hearst, 3 Mass.App.Ct. 76 (1975), for the proposition that Leary’s actions were an act of violence committed during and within the scope of his employment, thus liability should be imputed to ASG. The Plaintiff also asserts that deciding whether the circumstances in this case are within the Dwyer exception is a question of fact, and therefore summary judgment should be denied. The Dwyer is case distinguishable.
In Dwyer, the court ruled that the corporate defendant, a trucking company, was liable for its employee’s intentional tort of battery. The employee, a driver, battered the plaintiff as a result of an argument stemming from actions of the plaintiff which impeded the truck driver from putting gas in his company delivery truck. On the evidence submitted by the plaintiff, the Dwyer court ruled that, “the jury could have found ‘that the employee’s assault was in response to the plaintiffs conduct which was presently interfering with the employee’s ability to perform his duties successfully.’ ” Dwyer v. Hearst Corp., supra at 79, quoting Miller v. Federated Dept. Stores, supra at 350.
Unlike the acts committed by the employee in Dwyer, the acts committed here cannot be found to be within the scope of the Leary’s employment. An essential component to satisfy the Dwyer application of employer liability is that the action of the defendant employee must be a response to an action of the plaintiff and to facilitate the performance of his duties. No such facts exist here. Leary’s actions were not a response to Lucas’s impeding performance of his duties and Leary did not commit the sexual battery to continue his work or to benefit ASG in anyway.[3] Summary judgment is, therefore, allowed on the claim of vicarious liability against ASG.
Negligence
The plaintiff contends that ASG is liable for the sexual assault and sexual battery to the victim under a theory of negligence because Lucas was legally on the Defendants’ property[4] and Merrimack hired ASG to provide security to the Merrimack Plaza Apartments. The Defendant asserts that they did not owe a duty to Lucas, therefore they can not be held liable for Lucas’ injuries under a general negligence theory.
In order to bring an action for negligence, the Plaintiff must demonstrate that the Defendant owes her a duty of care; that the Defendant breached that duty of care; that she has sustained injury or damages; and that there is a causal relation between the breach of duty and her injuiy or damages. Marengo v. Bay, 318 Mass, 719, 722 (1945). The question of negligence is ordinarily one of fact for the jury to decide. However, the issue may be taken from the jury when no rational view of the evidence could warrant the defendant was negligent. Irwin v. Town of Ware, 392 Mass. 745, 764 (1984); Goldstein v. Gontarz, 364 Mass. 800, 804 (1974).
Lucas must demonstrate that ASG owed her a duty of care. O’Sullivan v. Hemisphere Broadcasting Corp., *56 402 Mass. 76, 78 (1988). The existence of a duty is typically a question of law, not of fact. Carrier v. Riddell, Inc., 721 F.2d 867, 868 (1st Cir. 1983); W. Proser, Handbook of the Law of Torts, Sec. 37 at 206 (4th ed. 1971); Federal Express Corp. v. State Dept. of Transp., 664 F. 2D 830, 835 (1st Cir. 1981). Massachusetts courts have found that a duty exists as a matter of law in various fact situations.[5] Also, there are situations where the law requires an affirmative duty to act with reasonable care to prevent harm to another caused by third persons.
In order to establish that ASG owes her an affirmative duty of care, the Plaintiff must establish that such a duty has a “source existing in social values and customs,” see e.g. Mullins v. Pine Manor College, 389 Mass. 47, 52-53 (1983),[6] quoting Schofield v. Merrill, 386 Mass. 244, 247 (1982), or that ASG voluntarily, or for consideration, assumed a duty of care to Lucas. Mullins v. Pine Manor College, supra at 52-53, citing the Restatement (Second) of Torts, Sec. 323 (1965).
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertakings, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other’s reliance upon the undertaking.
Id. The Plaintiff cites Thorson v. Mandell, 402 Mass. 744 (1988) in order to support her contention that ASG is negligent because they breached a duty to reasonably protect her while she was lawfully in the parking lot of the Merrimack Plaza Apartments. In Thorson, the plaintiff, a dancer, was hired by a producer of a show to perform. The producer used the YWCA’s auditorium as a place to practice. The dancer sustained physical injuries when she attempted to perform a back-flip during practice. Initially, the dancer did not want to perform the back-flip, but she reluctantly agreed after the continued requests by the producer. The dancer asserted that the YWCA breached its duty to her by not enforcing the existing policy which prohibited gymnastics in the auditorium. The Supreme Judicial Court held that the YMCA did not assume a duty of care under the Mullins standard. Id. at 748; see Mullins v. Pine Manor College, supra at 52-53.
The undertaking of ASG to act as security for the Merrimack Plaza Apartments, according to ASG and Merrimack Plaza’s security agreement, was not an undertaking for the protection of Lucas or any other persons, rather the agreement stated that ASG was “to assist Merrimack Plaza in the protection of its property and assets.” Therefore, in this case ASG did not, for consideration or voluntarily, render any service to Lucas which it would recognize as necessary for her protection. ASG owes no duty of care to Lucas.
Where there is no duty of care, the issue of causation need not be reached. Slaven v. City of Salem, 386 Mass. 885, 886 (1982). However, I will address causation assuming there was a duty of care owed by ASG to Lucas because it is unclear from the summary judgment record whether the circumstances which gave rise to the alleged acts causing Lucas’ damages may have had their origin in the parking lot of the Merrimack Plaza Apartments.[7]
Even if ASG, in some way, owed Lucas a reasonable duty of care as a lawful guest of the property, see Mounsey v. Ellard, 363 Mass. 693, 707 (1973), there is no a causal relation between ASG's breach of duty and Lucas’ damages. Marengo v. Roy, supra, at 722. The acts that caused Lucas’ damages were intentional acts of third parties, not the breach of a duty of reasonable care owed by ASG. Although one individual was an ASG employee, these acts were committed outside of his employment and are not imputable to ASG. See Worcester Ins. Co. v. Fells Acres Day School, Inc., supra at 404 (as discussed infra). Based on the record before me, I allow summary judgment on Plaintiffs negligence count.

ORDER

For the foregoing reasons, the Defendant’s, Atlantic Security Guards, Inc.’s, Motion for Summary Judgment is allowed on the Plaintiffs claim of respondeat superior (Counts I & II) and Atlantic Security Guards, Inc.’s liability on a theory of general negligence (Count V).

 At a hearing on January 18, 2001, after argument from the parties, I allowed ASG’s Motion for Summary Judgment on Count IV of Lucas’s Amended Compliant, in which she alleged that the ASG negligently hired Leary. During the same hearing, I allowed ASG and Lucas to submit supplemental briefs to address the legal issues of vicarious liability as it was not readily apparent as an issue in the Complaint or Amended Complaint.

 Lucas, in her Supplemental Memorandum in Opposition to Summary Judgment, argues that the sexual assault, as a crime of violence rather than passion, benefitted the employer by “creating a huge disincentive on the part of the Plaintiff to return [to the Merrimack Plaza Apartments].” I do not find this argument persuasive.

 Lucas claims that she and John, a friend she had met that night, went to the Merrimack Plaza Apartments to meet with a resident. Lucas parked in Merrimack’s parking lot and began talking and kissing with John when Leary and Dubois arrived to question them.

 A hotel, which was located in a high crime area, had a duty to its guests and a jury could find that the hotel breached that duty by having inadequate security to discourage intruders. See Fund v. Hotel Lennox of Boston, Inc., 418 Mass. 191, 192-94 (1994); an owner or occupier of land owes a duty of reasonable care to all lawful visitors, see Mounsey v. Ellard, 363 Mass. 693, 707 (1973); a landlord owes a duty of reasonable care to his tenant, see Leavitt v. Glick Realty Corp., 362 Mass. 370 (1972); a motor vehicle operator owes a duty of reasonable care to his passengers, see G.L.c. 231, Sec. 85L; *57 see also Kolofsky v. Heath, 370 Mass. 856 (1976); arestaurant or theater owner owes a duty of reasonable care to his patrons, see Rawson v. Massachusetts Operating Co., Inc., 328 Mass. 558, 569 (1952); a common carrier owes a duty of reasonable care to its passengers, see Quigley v. Wilson Line of Mass., Inc., 338 Mass. 125, 128 (1958); a parent owes a duty of reasonable care to his or her own child, see G.L.c. 231, Sec. 85G; see also Caldwell v. Zaher, 344 Mass. 590 (1962); and an owner of an elevator service owes a duty of reasonable care to elevator users, see Toubiana v. Priestly, 402 Mass. 84, 88 (1988).

 In Mullins, a college student brought an action against her college for injuries that she sustained from a sexual battery. The court held that the college, because of the nature of the relationship between it and its students, owed a duty to provide adequate security.

 The undisputed facts are that Leary and Dubois met Lucas somewhere close to, or within, the Merrimack Plaza Apartments and the alleged sexual batteries took place in Leary’s personal automobile which was parked at an adjacent property not owned, or in any way secured or managed, by the Defendants.