Curran, Dennis J., J.
The defendant US Airways, Inc. has filed a motion for leave to file a third-party complaint against Admet, Inc., the defendant Orick D. Kelley’s employer. After reviewing the moving and opposition papers and a hearing, this motion must be DENIED.
DISCUSSION
Although the defendant correctly points out that Mass.R.Civ.P. 14(a) permits a party to file a third-party complaint where the another party “. . . is or may be liable,” this principle is not advanced here where there can be no valid claim against a potential third-party defendant.
Barry Gardner has sued Orick D. Kelley and US Airways because Kelley allegedly beat up Gardner when they were leaving a US Airways flight at Logan Airport. Gardner now seeks to add Kelley’s employer, Admet, Inc. to the mix because, at the time, Kelley was on a business trip.
This motion must be denied for two reasons.
First, Gardner was neither a customer, employee nor business invitee of Admet, Inc. and is unable to proffer any evidence (other than mere speculation) that Admet, Inc. could have reasonably foreseen that Kelley posed a threat to members of the general public. See Coughlin v. Titus & Bean, Inc. Graphics, Inc., 54 Mass.App.Ct. 633, 638, 639 (2002). As amatter of law, Admet, Inc. owed no duty of legal care to Gardner under these circumstances. Second, the theoiy of respondeat superior does not extend to an employer who had the putative misfortune of employing an airline passenger who decided to participate in an affray. It was Kelley who arguably instigated the altercation; it was Kelley who is alleged to have laid in wait for Gardner as he left the airplane (likely fortified by alcohol); and it was Kelley who actually engaged in fisticuffs. Admet, Inc. ought not be held liable for the intentional tort of one of its employees who happens to decide to engage in personal combat. Kelley was obviously not authorized to commit an assault and battery; the complained-of conduct could hardly be said to have occurred within the scope of his employment; and finally, it could not rationally be said to have been motivated — either in whole or in part — by an effort to serve the employer’s purpose. See Lucas v. Leary, 2001 WL 417260, *2 (Mass.Super.) [13 Mass. L. Rptr. 54], citing Worcester Insurance Co. v. Fells Acres Day School Inc., 408 Mass. 393, 404 (1990).
At some point, personal responsibility must carry the day.
ORDER
For these reasons, the defendant US Airways, Inc.’s motion is hereby DENIED.