NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1967                                    Appeals Court

NANCY BERNIER, administratrix,[1] & another[2] vs.  SMITTY'S SPORTS
PUB, INC.

No. 14-P-1967.

Bristol.     December 18, 2015. - October 11, 2016.

Present:  Cohen, Trainor, & Katzmann, JJ.


Negligence, Trespasser, Foreseeability of harm.


Civil action commenced in the Superior Court Department on
June 28, 2010.

The case was tried before Richard T. Moses, J.


John P. Knight for the defendant.
J. Christopher Amrhein for the plaintiffs.


TRAINOR, J.  The defendant, Smitty's Sports Pub, Inc.

(Smitty's), appeals from a judgment in favor of the plaintiffs

that entered following a jury trial of a wrongful death lawsuit

of Ronald J. Leger, the plaintiffs' decedent (decedent), filed

_____

[1] Of the estate of Ronald J. Leger.

[2] Cecile M. Leger.

by Nancy M. Bernier, administratrix of the estate of Ronald J. Leger, and Cecile M. Leger (plaintiffs). We are asked to determine whether the decedent was a trespasser and, therefore, what duty of care was owed to him by the defendant. The defendant argues that the trial court erred in denying its motion for directed verdict and motion for judgment notwithstanding the verdict because the decedent was a trespasser as a matter of law. Alternatively, the defendant argues that the determination whether the decedent was a trespasser should have been a question of fact that was presented to the jury. We affirm.

Background. We recite the facts the jury could have found, reserving some facts for later discussion. On March 11, 2010, the decedent, age seventy-four, went into Smitty's rear entrance. Upon entering Smitty's, the decedent mistakenly opened a door marked "Employees Only" believing it was the men's bathroom. Three doors, marked "Gentlemen," "Ladies," and "Employees Only," were all similarly marked, the same color, and close to each other. The "Employees Only" door opened directly onto a concrete staircase which had a drop of over two and one-half feet onto the middle of the staircase. The "Employees Only" door opened inward onto the unlit stairwell. The "Gentlemen's" and "Ladies'" doors opened outward. The "Employees Only" door was usually locked during business hours

3

but was not locked at the time of the incident.  The decedent fell down the steps and died of his injuries two weeks later.

The jury found that the defendant was negligent in the maintenance of the property and that this negligence was causally related to the injuries suffered by the decedent.  The jury determined that the decedent was twenty percent negligent and the award of damages was reduced by that percentage.  The jury also found that the defendant's conduct was not grossly negligent and therefore awarded no punitive damages.

Discussion.  The defendant argues that the judge erred in denying the defendant's motion for a directed verdict and a motion for judgment notwithstanding the verdict because the decedent was a trespasser as a matter of law.  The defendant argues that if the decedent was a trespasser, there would be no tort liability established on the facts of this case.  We must first determine the nature of the legal duty of care that the defendant owed to the decedent, and then determine whether there was an evidentiary basis for the jury to have determined that the defendant breached the duty of care owed to the decedent.

Duty of care.  The first element in a plaintiff's burden of proof is evidence of a duty of care owed to the plaintiff by the defendant.  Actionable negligence only exists in the context of a legal duty of care owed from one party to another.  See Altman v. Aronson, 231 Mass. 588, 591 (1919) ("Negligence, without

qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances"). Actionable negligence does not and cannot exist in the abstract. See Slaven v. Salem, 386 Mass. 885, 887 (1982). See also Hinds v. Bowen, 268 Mass. 55, 59 (1929); Atlas v. Silsbury-Gamble Motors Co., 278 Mass. 279, 282 (1932). Generally, a person lawfully on the premises of another is owed a duty of due care in all the circumstances. See Mounsey v. Ellard, 363 Mass. 693, 695-709 (1973). "A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." Id. at 708, quoting from Smith v. Arbaugh's Restaurant, Inc., 469 F.2d 97, 100 (D.C. Cir.).[3]

A landowner, on the other hand, does not owe a person unlawfully on the landowner's premises, i.e. a trespasser, a duty of reasonable care in all circumstances. The landowner

---

[3] Mounsey abolished the distinction in negligence law between invitees and licensees. A legal duty of reasonable care is now owed in all circumstances to any person lawfully on the premises of another. See id. at 707.

does owe a trespasser the legal duty to refrain from willful, wanton, or reckless conduct that could cause injury or damage to the trespasser, but a trespasser cannot maintain an action based in negligence.  See id. at 707 n.7.

The significance for liability purposes as to whether a plaintiff is lawfully or unlawfully present on the premises of the landowner is obvious.  The legal duty of care owed to a plaintiff, when applied to the attendant facts and circumstances of a case, is often dispositive in determining whether tort liability exists against a landowner.

Here, the defendant argues that the decedent was a trespasser, as a matter of law, because he had no right to open the door marked "Employees Only" and enter the basement area.  Even if he was on the premises lawfully, the defendant contends the decedent became a trespasser when he entered the basement area.  The defendant argues, in the alternative, that if the decedent was not a trespasser, as a matter of law, then the issue of his status was a question of fact that should have been submitted to the jury for determination.

The trial judge, however, ruled "as a matter of law, [the decedent] was not a trespasser under these circumstances" and

the decedent's status was not a factual question to be submitted to the jury.[4]

We agree that, when the relevant facts of a case are not in dispute,[5] the plaintiff's status as a person lawfully on the premises or as a trespasser is a question of law for the court to determine and is not a question of fact for the jury to determine. See generally Restatement (Third) of Torts, § 50 Comment e (2012).[6]

The judge, therefore, properly ruled that as a matter of law, the decedent was not a trespasser, and submitted to the jury these questions: whether the defendant breached his legal duty of care to the decedent because of the negligent maintenance of the premises; whether and to what extent the decedent was comparatively negligent in the causation of his injuries; and whether the defendant was grossly negligent in the

---

[4] A trespasser is "a person who enters or remains upon land [or premises,] in the possession of another, without a privilege to do so, created by the possessor's consent or otherwise." Gage v. Westfield, 26 Mass. App. Ct. 681, 695 n.8 (1988), quoting from Restatement (Second) Torts § 329 (1965).

[5] It was undisputed that, here, the decedent, as a patron of the bar, was lawfully present at the bar and that his lawful presence extended to going to the hallway to use the restroom where he mistakenly opened the door to the basement stairway.

[6] The plaintiffs cite to Beausoleil v. Mass Bay Transp. Authy, 138 F. Supp. 2d 189 (D. Mass. 2001), which in turn cites to Schofield v. Merrill, 386 Mass. 244 (1982), as authority for the proposition that whether a plaintiff is a trespasser or not is a question of law to be determined by the court. Schofield, however, makes no such statement. See 386 Mass. at 252-254.

maintenance of the premises (for the purpose of punitive damages).

Breach of duty.  Having determined that the decedent was lawfully on the premises at all times and that the defendant owed him a legal duty of reasonable care in all the circumstances, the jury had to determine whether the evidence established a violation or a failure to meet the requirement of that duty of care.  A plaintiff is not only required to establish that the defendant owed him a duty of reasonable care but also that the defendant breached that duty in a way that caused injury to the plaintiff.  See Foster v. Loft, Inc., 26 Mass. App. Ct. 289, 294-295 (1988).  See also Restatement (Second) Torts § 283 (1965).  The defendant, in the exercise of reasonable care in all the circumstances, has the legal obligation not to take unreasonable risks.  Restatement (Second) Torts § 290 & comment c.  Liability is based on the determination that the risk was unreasonable and not that the defendant knows that the risk was unreasonable, but that he should have known that the risk was unreasonable.  See Ibid. The foreseeability of the risk of harm, or injury to the plaintiff, is often used to determine whether or not the risk was unreasonable.  See Foley v. Boston Housing Authy., 407 Mass. 640, 643 (1990) (summary judgment granted where no demonstration that defendants could have foreseen the risk).

Here, the defendant testified that the unlocked "Employees Only" door created a dangerous condition for someone who did not know what was on the other side. The defendant also testified that it was foreseeable that a patron may open this door by mistake. It was undisputed that the decedent's intention was to use the men's room and that he mistakenly opened the wrong door. Additionally, the defendant disclosed that it was the usual business practice to keep the "Employees Only" door locked during business hours. See Kushner v. Dravo Corp., 339 Mass. 273, 277-279 (1959); Restatement (Second) Torts § 290. There was sufficient evidence here for the jury to conclude that it was the negligence of the defendant that caused or permitted the decedent to mistakenly use the wrong door to enter what he believed to be a public restroom. The unlocked door opened inward, instead of outward, to an unlit staircase onto a more than two and one-half feet drop to the cellar stairs. The three doors looked similar, were close in proximity, and had similar looking signage. The doors were also in a hallway where there were distractions to the patrons, such as a Keno lottery game machine and signs that advertised games and alcoholic beverages. The negligence of the defendant occurred within premises that were open to the public and to whom were owed a duty of reasonable care in all the circumstances.

Judgment affirmed.