BERTHA MILLER & another *vs.* FEDERATED DEPARTMENT STORES, INC. February 22, 1973. In this action for tort, the plaintiff Bertha Miller seeks recovery for personal injuries sustained from an assault by an employee of the defendant, Federated Department Stores, Inc. Her husband also seeks recovery for consequential damages for the injuries so sustained by his wife. Originally the action was in four counts against the defendant. Later, two counts by the wife and husband against the individual employee were added. The jury returned verdicts for the plaintiffs against the individual employee, and against the corporate defendant on two of the four counts against it. The case comes before us on the defendant's exceptions to the denial of its motion for directed verdicts on the counts against it for the assault by the employee and for con-

sequential damages to the husband. The counts against the employee are not before us. The plaintiff Bertha Miller, while shopping in the defendant's store and standing at a counter, had been brushed at her ankle by a cart pushed by the employee, who was a porter in the defendant's store. A short time later when she left the counter she saw the employee waiting for an elevator. She said to him, "If you would say 'excuse me,' people could get out of your way." The employee then pushed her and when she remonstrated with him he punched her in the face knocking her to the floor. It is well-settled that the critical test of liability on the part of the employer for a tortious assault on a third person by the employee is whether the act was done within the scope of employment and was in furtherance of the employer's work. 53 Am. Jur. 2d, Master and Servant, § 424. Restatement 2d: Agency, § 244. *Levi* v. *Brooks,* 121 Mass. 501. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *Rego* v. *Thomas Brothers Corp.* 340 Mass. 334. If an assault is committed by an employee, not in the course of his employment but outside the scope of his duties, or in a spirit of vindictiveness or to gratify personal animosity, or to carry out an independent purpose of his own, then the employer is not liable. *Fairbanks* v. *Boston Storage Warehouse Co.* 189 Mass. 419. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 106. Harper and James, Torts, § 26.9. In our examination of the evidence in its aspect most favorable to the plaintiffs, we are unable to find that the unprovoked assault by the employee on the plaintiff Bertha Miller was within the scope of his employment and in furtherance of the employer's work. The motion for directed verdicts should have been allowed.

*Exceptions sustained.*

*Judgments for the defendant corporation.*

*Thomas D. Burns (Mitchell J. Sikora, Jr.,* with him) for the defendant.

*Sydney Berkman (Carl K. King* with him) for the plaintiffs.